WESTERN DIST.

*Oct.* 1838.

STAFFORD ·
*vs.*
STAFFORD ET AL.

---

STAFFORD *vs.* STAFFORD ET AL.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF RAPIDES.

The declaration made by the notary in a will, that it " was written as dictated by the testator," may as well precede the dispositions as to follow them at the close of the instrument. Either would be sufficient.

WESTERN DIST.
Oct. 1838.

STAFFORD
vs.
STAFFORD ET AL.

It is sufficient for the validity of a will, that it is signed by another person *for the testator*, in his presence and that of the witnesses, if it is declared that the testator is unable to sign from any physical cause as rheumatism, debility by sickness, &c. The disability may be declared by the notary, without a declaration from the testator.

This is an action of partition, provoked by J. S. Stafford, one of the heirs of Le Roy Stafford, deceased, by a former marriage, against the widow and heirs of the last marriage, in which a partition by licitation of the estate of the deceased is prayed for, contradictorily with the executor under the will, and the said widow and heirs.

The widow set up grounds of nullity against the last will and testament of her late husband : 1. Because, the notary did not write the will as it was dictated.

2. The testator did not sign the said will ; nor does the will upon its face show that the testator declared that he knew not how to sign, or that he was unable to sign.

3. Because, express mention is not made in the act, that the will was dictated, and written as dictated ; read and signed at one time, without interruption, and without turning aside to other acts.

4. That the said will is void, because, it disposes of effects which were the joint property of this respondent and the testator, and which the testator had no legal right to dispose of by will.

She, therefore, prays, that the said will may be set aside and annulled, and that the executor's authority may be revoked, and a curator appointed to administer said estate, &c.

In an amended answer, the widow, for herself and the heirs by her marriage with the testator, allege for additional nullities in the will.

1. The testator should have signed the instrument himself, or made his mark. One of the witnesses could not sign for him.

2. The testament is not properly dated ; the day and year are improperly expressed in figures, when they should have been *written*, &c.

3. There were not the requisite number of witnesses to the will.

4. It has not been regularly probated; in fine, it is not clothed with the formalities of law. She renews her prayer for the annulment of the will, and that a partition be made according to law, &c.

The notary states, that he repaired to the house of Le Roy Stafford, &c., when at his request and at his dictation, the following instrument was written by the notary, and dictated by the said L. S. to be his last will and testament, revoking all former wills and testaments made by, him.

The formalities of the will are fully stated and set out in the opinion of this court.

This will was duly admitted to probate. The probate judge decided that the will was good and valid in law as a nuncupative testament by public act. That a partition of the estate of the late L. Stafford take place in conformity to the provisions of said will, between the widow and heirs and legatees, who are parties, and that the said parties be referred to a notary to make such partition accordingly.

From this decree, the widow, for herself and minor children, appealed.

*Barry*, for the appellant.

*Dunbar, contra.*

*Carleton, J.,* delivered the opinion of the court.

The controversy in this case is made to turn upon the validity of the nuncupative will of Le Roy Stafford, deceased, made by public act, which the defendants allege to be void, for various causes of nullity. Two only of which, it becomes necessary for us to notice :

1st. Because, the notary did not write the will as it was dictated by the testator.

2d. Because, the testator did not sign the will, nor does it upon its face show, that the testator declared he knew not how, or was not able to sign. The judge of the Court of Probates thought the will good and valid in law, and decreed accordingly. The defendants appealed.

STAFFORD
vs.
STAFFORD ET AL.

The commencement of the will is in the following words :

"State of Louisiana, Parish of Rapides.

"Be it known, that I, W. B. Pearce, notary public, in and for the parish and state aforesaid, repaired to the house of Mr. Le Roy Stafford, inhabitant of the said parish of Rapides, state of Louisiana ; when at his request and at his dictation, the following instrument was written by me, and declared by the said Le Roy Stafford to be his last will and testament."

After setting out the dispositions of the testator, the notary declares :

"In testimony whereof, the said Stafford has caused his name to be signed hereto by L. A. Robert, he not being able from present debility, an effect of repeated attacks of rheumatics in the right hand and wrist, in presence of Jesse D. Wright, L. A. Robert, and Joseph J. Robert, witnesses, residing in this Parish ; and we, the said notary, after having read the same in an audible voice, in the presence of the testator and the said witnesses, without interruption, and without turning aside to other acts, this 10th day of January, A. D. 1835."

LE ROY STAFFORD, *by L. A. Robert.*

*Witnesses* :

JOSEPH J. ROBERT,

L. A. ROBERT,

J. D. WRIGHT.

Done and passed before me, **W. B. PEARCE,** *notary public.*

The counsel for the defendants, insist, that the will could not have been dictated by the testator, inasmuch as it is so declared in the commencement of the instrument, and not after the dispositions were made ; that is to say, the notary erred in declaring that it was dictated before the dictation could have taken place.

We cannot assent to this reasoning, for no matter in what part of the will, the notary declared he wrote it from the dictation of the testator ; it may, nevertheless, be true, that he wrote it as dictated. Toullier, in treating of this very subject, says : " *Au reste, il n'est pas nécessaire que la mention*

The declaration made by the notary in a will that it "was written as dictated by the testator," may as

*que la testament a éte écrit par le notaire, se trouve à la fin de l'acte ; il suffit qu'elle se trouve au commencement, ainsi que la décidé un arrêt. La Cour de Cassation, du 26 juillet, 1808. Touillier, vol. 10, page 149, No. 425.* It is unnecessary to multiply authorities upon a point too plain to admit of a doubt.

2d. The counsel for the appellants, also contends, that as the testator did not sign the will, his declaration of the cause of his inability should have been expressly mentioned by the notary, and cites article 1572 of the code, which declares : " This testament must be signed by the testator. If he declares that he knows not how, or is not able to sign, express mention of his declaration, as also of the cause that hinders him from signing, must be made in the act."

The clause of this article, upon which reliance is had, is disconnected by the conjunction *or :* so that if the testator declare, that he *knows not how to sign,* this declaration must be made by the notary, for whether he knows how to sign his name or not, is best known to himself ; but any physical disability that prevents him from signing, may be well stated by the notary, without any declaration having proceeded from the testator.

This construction of the code is justified by the interpretation given to a similar law in France, by a distinguished jurist of that country.

" *La mention que le testateur a signé le testament, et la declaration faite ensuite par le notaire que, attendue une faiblesse survenue au testateur, celuici n'a pu signer n'offre qu'une contradiction apparente, et ne vicie point le testament l'ensemble de l'acte présente avec vérité ce qui s'est passé savoir, que le testateur avait, sur la demande du notaire, déclairé qu'il signerait, croyant pouvoir le faire, mais qu'il ne la pu ensuite.*"

Upon the whole, it does not appear to us, there is any error in the decree of the court below.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the Court of Probates be affirmed with costs.

WASTERN DIST.
*Oct.* 1838.

STAFFORD
*vs.*
STAFFORD ET AL.

well precede the dispositions, as to follow them at the the close of the instrument. Either would be sufficient.

It is sufficient for the validity of a will, that it is signed by another person *for the testator,* in his presence and that of the witnesses, if it is declared that the testator is unable to sign from any physicel cause as rheumatism, debility by sickness, etc. The disability may be declared by the notary, without any declaration from the testator.