(68 Misc. Rep. 46.)

## PEOPLE v. COBUCCI.

(Court of General Sessions, New York County. May, 1910.)

HUSBAND AND WIFE (§ 320*)—ABANDONMENT—BOND—RIGHT OF APPEAL.

The giving of a bond in abandonment proceedings under Greater New York Charter (Laws 1901, c. 466) § 689, does not preclude an appeal from an order of a magistrate upon the merits.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 320.*]

Thomas Cobucci was convicted of abandonment, and appeals. Reversed.

Charles G. H. Wahle, for appellant.

Herman Stiefel, Asst. Corp. Counsel, for the People.

CRAIN, J. An examination of the record in the light of controlling authorities convinces me that upon the merits the judgment should be reversed. No abandonment of the complainant by the defendant within the statute was proven. People ex rel. Commissioner v. Cullen, 153 N. Y. 629, 635, 47 N. E. 894, 44 L. R. A. 420; People ex rel. Demos v. Demos, 115 App. Div. 410, 412, 100 N. Y Supp. 968. Indeed on this branch of the case the learned corporation counsel is not understood to contend for the contrary. It is urged, however, in support of the judgment appealed from, that, a bond having been given by the defendant-appellant to comply with the order of the magistrate to pay a specific amount for the complainant's support, this court can consider upon appeal nothing but the reasonableness of the amount specified in the magistrate's order; and that, as there is no contention that such amount is unreasonable, the judgment must be affirmed. As authority for this contention, respondent cites People v. Benson, 63 App. Div. 142, 71 N. Y. Supp. 274.

Proceedings against those charged with being disorderly persons, on the ground that they had abandoned their wives in destitute circumstances, were at one time brought under sections 1455 and 1456 of the consolidation act (Laws 1882, c. 410). At that time, by virtue of the provisions of section 1456 of that act, appeals in such proceedings were governed by the provisions of the Code of Criminal Procedure applicable in bastardy proceedings. Among such sections was section 861 of that Code. The effect of the language found in section 1456 of the consolidation act, read in connection with section 861 of the Code of Criminal Procedure, was to preclude an appellant, appealing from an order of a magistrate where the appellant had given an undertaking pursuant to such order, from raising upon appeal any question other than the question of the propriety of the amount ordered by the magistrate to be paid.

The sections in question have not been repealed, but they have been amended and revised. The revision effected by the Greater New York Charter of 1897 did not go to the extent of rendering section 861 of the Code of Criminal Procedure inapplicable in abandonment cases;

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

but the later revision, namely, that effected by the Greater New York Charter of 1901 (Laws 1901, c. 466), did.

At the present time, with some minor exceptions not necessary to be considered, abandonment proceedings are governed by the provisions of the Greater New York Charter of 1901 and by the provisions of the Code of Criminal Procedure mentioned in section 689 of that charter.

The appeal in the Benson Case was governed by the provisions of the consolidation act, as revised by the charter of 1897. This was so because the judgment there appealed from was rendered before the charter revision of 1901 came into effect. Now, under section 689 of the present charter, the giving of a bond does not defeat an appeal upon the merits, for the reason that section 861 of the Code of Criminal Procedure is not mentioned as among those now applicable to appeals in abandonment proceedings.

It follows that there is no legal bar to the consideration of the merits on this appeal; and, upon the merits, the judgment must be reversed.

Judgment reversed.