101 So.2d 204

**Succession of Mrs. Roseanna Settgast NOURSE.**

No. 43434.

March 17, 1958.

Arthur L. Ballin, New Orleans, for plaintiff-appellant.

Quintero & Ritter, Louis W. McFaul, Jr., Hammett & Bertel, New Orleans, by Numa V. Bertel, Jr., Benjamin E. Loup, Mills & Wiedemann, Lawrence D. Wiedemann, New Orleans, for respondents-appellees.

Granville Alpha, Alcide J. Weysham, New Orleans, for testamentary executor, defendant-appellee.

FOURNET, Chief Justice.

Mrs. Cecil C. Bellotti is appealing from the district court's judgment maintaining an exception of no cause or right of action and dismissing her petition to have declared null and void a certain document bearing date June 20, 1955, admitted to probate as the last will and testament of the decedent, Mrs. Roseanna Settgast Nourse; seeking also to have the Court set aside and rescind its Order dated October 23, 1955, probating said document as the last will and testament of the decedent; and to have admitted to probate as her last will another document, bearing a prior date (May 14, 1955), wherein the petitioner was named testamentary co-executrix.

The will dated June 20, 1955, was executed under the provisions of R.S. 9:2442 (Act 66 of 1952), which declares that, in addition to the methods provided in the Louisiana Civil Code, a will shall be valid if made according to the form therein specified, among the other requirements being those

that the testator, in the presence of the notary and both witnesses, shall signify that the instrument is his will and shall sign each separate sheet; that the notary and witnesses in the presence of the testator and each other must sign at the end of the will; and that "The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. * * *." [1] An examination of the subject document, consisting of two pages, shows the signature of the decedent on both sheets —her signature on the second page being at the end of the document, in company with those of the witnesses and the notary.[2]

The plaintiff-appellant contends that the absence of the testatrix' signature at the place where the dispositive provisions terminate renders the instrument null and void; that according to the form requirements of R.S. 9:2442, even though the will be written on a single sheet of paper, the testator's signature must appear at two places, namely, following the dispositive provisions and at the end of the attestation clause—the argument being that the signing of the attestation clause cannot supply the want of signature to the will proper since said clause is not part of the will; and that a testator who signs as did the decedent in this case acknowledges something

1. The exact wording of R.S. 9:2442 is as follows:

"In addition to the methods provided in the Louisiana Civil Code, a will shall be valid if in writing (whether typewritten, printed, mimeographed, or written in any other manner), and signed by the testator in the presence of a notary public and two witnesses in the following manner:

"(1) Testator. In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign each separate sheet of the instrument.

"(2) Notary public and witnesses. The notary and both witnesses must sign at the end of the will (a) In the presence of the testator, and (b) In the presence of each other.

"(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form or a form substantially similar thereto:

"a Signed (on each page) and declared by testator above named, in our presence

to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this ——— day of ——— 19—."

2. The second sheet contains a listing of special bequests—a continuation of others on the first page—immediately followed by the remainder of the document:

"After payment of all debts and costs of succession, I desire that the residue of my estate go to the Church of the Annunciation, New Orleans, Louisiana.

"I appoint Jacob (Jack) Gay Executor of my last will and testament, with full seizin and without bond.

"Signed and declared by testator above named, in our presence, to be her last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this 20 day of June, 1955.

/s/ Roseanna S. Nourse
/s/ Alcide J. Weysham

——————————————

Witnesses:                    Notary Public
/s/ Lloyd M. Seher
/s/ Benjamin Alperin"

to be his last will and testament which he neither wrote nor signed and which, therefore, does not comply with any testamentary form under our law

The contention is without merit. In the very recent case of Succession of Eck, 233 La. 764, 98 So.2d 181, 183, this Court had occasion to pass on the validity of a will which bore two attestation clauses—the testator alone having signed his name following the first, the witnesses and notary, but not the testator, having signed their names following the second—under attack as failing to comply with the statutory requirement that the circumstances attending the execution of the will "shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will." In ruling that the form requirements of R.S. 9:2442 had been met, we adopted as correct the statement, contained in the lower court's opinion, that the purpose of a statutory requirement that the testator and subscribing witnesses sign "at the end" of the will is to prevent fraudulent additions to a will before or after its execution; [3] and noting that since the term "end" refers to that place on the will where the dispositive provisions terminate (being those relating to the testamentary dispositions, the naming of Executor, etc.), it followed that the signatures of the witnesses are considered to be at the end of the will when there is no dispositive matter intervening. The Court then aptly observed: "All that our statute requires is that the signature of the testator, notary and witnesses be affixed in the presence of each other, and must appear under the attestation clause." That ruling is decisive of the issue presented here, and it is obvious that the will in this case satisfied all the requirements of the pertinent law as interpreted in the Eck decision.[4]

3. See In re Mackris' Estate, Sur., 68 Misc. 46, 124 N.Y.S. 891, to which the Court referred, and the numerous authorities cited therein.

4. Since this opinion was written, counsel for appellant has filed a supplemental brief in which he urges that the holding in the Eck case, cited in the opinion, is irreconcilable with the requirement (in respect to solemn acts such as testaments) of strict compliance with the forms prescribed by law, and in support of his contention that the signature of the testator must be at the immediate end of the dispositive provisions under penalty of nullity, he cites French law, historically, and our own jurisprudence, relying on three decisions of this Court. The first of these concerned an olographic testamentary writing, headed with the caption "Testament d'Aglae Armant," but without signature at the end, which was held void as a will (Succession of Armant, 43 La.Ann. 310, 9 So. 50); in the second, an instrument intended as a will by public nuncupative act failed to contain "express mention" that certain requirements of form had been complied with in its confection, and for that reason was held void (Succession of Vidal, 44 La.Ann. 41, 10 So. 414); in the last, an unsigned document with testamentary dispositions enclosed in an envelope, which envelope was superscribed "My last will" and signed by the testatrix, was held invalid as an olographic will (Succession of Fitzhugh, 170 La. 122, 127 So. 386). No comment is necessary to show

For the reasons assigned, the judgment appealed from is affirmed.

**101 So.2d 206**

**D. V. JOHNSTON**

**v.**

**CITY OF NEW ORLEANS.**

**No. 43325.**

March 17, 1958.

that those cases are not apposite from either a factual or a legal standpoint —nor do they afford support to appellant's position herein.