151 So.2d 144 (1963)
Succession of Carl J. SAARELA.
No. 958.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1963.
Rehearing Denied April 1, 1963.
Certiorari Refused May 14, 1963.
*145 Peter G. Charbonnet, Jr., New Orleans, for George Howard Wills and Lawrence Henry Wills, plaintiffs-appellants.
Pilie, Nelson & Limes, M. Arnaud Pilie, New Orleans, for August J. Bubert, Testamentary Executor, appellee.
Philip Gensler, New Orleans, duly appointed Curator ad hoc for Kalle Saarela, appellee (Absentee).
Before YARRUT, HALL and JANVIER, JJ.
YARRUT, Judge.
The widow in community of the decedent sued to annul the last will and testament of deceased for its failure to comply with the requirements of LSA-R.S. 9:2442, regarding the attestation clause. Defendants are the testamentary executor and attorney, and the universal legatee. From a judgment sustaining the will and admitting it to probate, this appeal is now being prosecuted by the sons of a prior marriage of the widow, since deceased.
The parties concede that the sole issue is whether the instrument contains some writing that the testator, in the presence of the notary and both witnesses, declared or evidenced that the instrument was his last will and testament and, if not, does such omission nullify it. The instrument in question reads:
 "New Orleans, Louisiana
 May 26, 1959
"I, Carl Johan Saarela, a resident of the City of New Orleans, Louisiana, residing at 7901 Michigan Street, being of sound mind, and realizing the uncertainties of life, make this my last will and testament, revoking all others.
(Then follows the bequests.)
"In witness whereof, I have signed this my last will and testament in the presence of the witnesses hereinafter named and undersigned, who sign in my presence and in the presence of each other, and in the presence of the undersigned Notary, Leonard S. Ungar, who is duly commissioned, qualified and sworn for the Parish of Orleans, State of Louisiana.
 Carl Johan Saarela
"Witnesses:
"Sherry Adam
"Ernest J. Sauls
 "Leonard S. Ungar
 "Notary Public"
At the trial Mr. Sauls, client of the attorney who drafted the instrument, testified that he was in the attorney's office and was asked to act as witness to the will; that he was introduced to the testator and the other witness; that the testator stated in the presence of all that the instrument was his last will and testament, and read it aloud; that the attorney then read the will in the presence of the testator and the witnesses, after which the testator signed, followed by him, Miss Adam and Mr. Ungar; and that he saw the testator sign in the presence of all.
The District Court declared the will valid and admitted it to probate.
LSA-R.S. 9:2442, provides that:
"* * * (1) Testator. In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign each separate sheet of the instrument.
"(2) Notary Public and witnesses. The notary and both witnesses must sign at the end of the will
"(a) In the presence of the testator, and
*146 "(b) In the presence of each other. "(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form or a form substantially similar thereto:
"(a) Signed (on each page) and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this ____ day of ____ 19."
Thus, the statute under which this will was executed (cited supra), after first reciting a formal attestation clause, then declares the rule of substantial compliance in the phrase, "or substantially similar thereto."
In Stephens v. Adger, 227 La. 387, 79 So.2d 491, the Court held:
"[S]ubstantial compliance with formalities required in execution of wills is sufficient to sustain its validity, more especially where there is no suggestion or intimation of fraud, deception, undue influence, or mental incapacity."
See LSA-C.C. Arts. 1578, 1581, 1582 and 1595, governing nuncupative wills; and Succession of Crouzeilles, 106 La. 442, 31 So. 64.
The rule of "substantial compliance" was affirmed in the following cases where testaments (executed under LSA-R.S. 9:2442) were attacked for failure to comply with the location and place of signatures of the testator, witnesses and notary, with regard to the attestation clause. Succ. of Eck., 233 La. 764, 98 So.2d 181; Succ. of Nourse, 234 La. 691, 101 So.2d 204.
With the opening paragraph of the testament declaring it to be the last will and testament, and the recital in the attestation clause, "I have signed this my last will and testament in the presence of the witnesses and notary," is substantially similar to the form given as an example in the statute.
For the above and foregoing reasons, the judgment of the District Court probating the will is affirmed, costs in both Courts to be paid by Appellants.
Affirmed.