189 So.2d 670 (1966)
Succession of Emily Moore PICKETT.
No. 6708.
Court of Appeal of Louisiana, First Circuit.
July 8, 1966.
Rehearing Denied September 19, 1966.
Hebert, Glusman & Moss, Baton Rouge, for appellant.
Arnold J. Gibbs, Lawrence A. Uter, Baton Rouge, for appellee.
Before LOTTINGER, LANDRY, REID and BAILES, JJ.
LOTTINGER, Judge.
On May 12, 1965, Wilmena Handy Johnson filed a petition to probate the will of Emily Moore Pickett, which petition recited the place and date of death as well as the residence of the decedent, the fact that she had left a last will and testament dated July 28, 1964, that the petitioner was the sole and only legatee under said will, and prayed that the will be probated. Filed with the petition was an affidavit of death and heirship relative to the decedent which indicated that she died without forced heirs, having been survived by one collateral heir, a sister. On the same date that the petition was filed the will was probated by the District Judge and ordered filed, deposited and recorded in the office of the Clerk, and its provisions were ordered executed forthwith. Also on May 12, 1965, a petition for possession was filed by Wilmena Handy Johnson to which was attached an estimative and descriptive list of the property *671 comprising the estate of the decedent and a calculation of the inheritance tax due the State of Louisiana. A rule to fix the amount of inheritance taxes due to the State was issued on May 12, 1965, and made returnable on the same date. The record contains an appearance by the attorney for the Inheritance Tax Collector concurring in the amount of inheritance tax recited in the petition, and in accordance therewith, on May 12, 1965, the amount of inheritance tax due by Wilmena Handy Johnson was fixed by order of Court. The record contains a receipt from the Sheriff evidencing payment of that tax. On this same date the judgment of possession sending Wilmena Handy Johnson into possession of all of the property left by the decedent was signed by the District Judge.
On May 14, 1965 Robert Ernest filed a petition to annul the probated testament wherein he recited that a purported last will and testament of Emily Moore Pickett had been filed, admitted to probate and that there had been a judgment of possession rendered placing Wilmena Handy Johnson in possession of all of the property belonging to the estate of the decedent as universal legatee. The petition alleged that the purported last will and testament of Emily Moore Pickett which had been admitted to probate was invalid, null and void, and of no legal effect, because of its failure to conform to any of the forms of valid wills and testaments under the laws of the State of Louisiana in that the said will, inter alia, was invalid as a statutory will because the attestation clause thereof failed to recite that the testatrix declared in the presence of the notary and both witnesses that said instrument was her last will and testament. In the petition, Ernest alleged that he was a nephew of the decedent, and that under the terms of a will which the decedent had allegedly made on July 21, 1964, he was the universal legatee.
Thereafter on June 29, 1965, Wilmena Handy Johnson and the testamentary executor named in the questioned will filed a dilatory exception of lack of procedural capacity and preemptory exceptions of no cause of action and no right of action. The preemptory exceptions of no cause of action recited that the petition of Robert Ernest disclosed no cause of action on its face as the will referred to and contested therein was valid and legal on its face and had been duly proven and ordered executed, and that the petitioner, Robert Ernest, did not set forth a cause of action as could be observed and determined from a reading of the same. The Trial Court thereafter heard all of the exceptions and overruled the exception of want of procedural capacity and the exception of no right of action. The Court did sustain the exception of no cause of action and dismissed the suit of Robert Ernest. It is from this judgment that Robert Ernest has devolutively appealed to this Court.
The sole error assigned by appellant is that the Trial Court erred in ruling that appellant's petition failed to state a cause of action. Appellant argues that when an exception of no cause of action is at issue the face of the petition and all attached documents must be examined, all well pleaded facts in the pleadings must be taken as true, and that any doubt should be resolved by overruling the exception. He further submitted that if the Court takes all well pleaded facts as true, it must conclude that the will is invalid for lack of proper form, and that therefore a cause of action exists. He further urges that the Trial Court cannot examine the will attached to the petition and hold the will to be valid as to form thereby deciding that the exception of no cause of action is proper, a decision that would, in appellant's words, be based on the merits. We cannot agree with this contention. The sole intent and purpose of the petition filed by appellant in this probate proceeding was to have the last will and testament of the decedent which had been probated on May 12, 1965, declared to be invalid by reason of a defect in form. While it is true that in the consideration of an exception of no cause of action all of the well pleaded facts *672 must be considered as true, it is also true that the entire record must be considered in making the determination. The appellant attached to his petition a certified copy of the will in question, and as a matter of fact the record already contained the original of the will. Therefore, the will which is the subject of the controversy was itself a part of the record and in particular an exhibit to and part of the appellant's petition. It follows that it was entirely proper and correct for the Trial Judge to examine the will itself and make a determination as to whether or not the will was in fact invalid for lack of proper form, when the entire purpose and intent of the petition excepted to is to have the will declared invalid by reason of lack of proper form. We repeat that correctness of form is the only matter which appellant's petition requires be determined. That determination requires no extrinsic evidence, but can be made by an examination of the will itself. There is no ground for invalidity urged in appellant's petition other than that incorrectness of form.
If this were a situation where the appellant was contesting the will by reason of an alleged forgery of the testator's signature, or on the basis of some fraud or mental incapacity of the testatrix, then we completely agree that the exception of no cause of action, which by its very nature precludes the introduction of testimony or evidence not already in the record, should have been overruled. But this is not the situation. The question presented by the appellant's petition, namely the validity, per se, of the form of the will, can be determined in only one way; an examination of the will itself for correctness as to form. We therefore hold that the Trial Court, having made the determination that the will was in fact valid as to form, correctly and properly sustained the exception of no cause of action.
Counsel for appellant filed a supplemental brief wherein he went into the question of the validity, per se, of the form of will probated by the Trial Court. The attestation clause of the contested will reads as follows:
"Signed and declared by Emily Moore Pickett, testatrix above named, in our presence, and in the presence of each other, we have hereunto subscribed our names as witnesses on this 28th day of July, 1964, in the Parish of East Baton Rouge, State of Louisiana, within and for which the undersigned Notary Public is duly commissioned, qualified and sworn".
LSA-R.S. 9:2442, which is the authority for the statutory will, provides as follows:
"In addition to the methods provided in the Louisiana Civil Code, a will shall be valid if in writing (whether typewritten, printed, mimeographed, or written in any other manner), and signed by the testator in the presence of a notary public and two witnesses in the following manner:
(1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name on each separate sheet of the instrument. If, however, the testator declares that he is not able to sign his name because of some physical infirmity, express mention of his declaration and of the cause that hinders him from signing his name must be made in the act, and he shall then affix his mark on each separate sheet of the instrument.
(2) The notary and both witnesses must sign their names at the end of the will in the presence of the testator and in the presence of each other.
(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form or a form substantially similar thereto: "Signed on each page (or if not signed by the testator, the statement of his declaration that he is not able to sign his name and of the physical cause that *673 hinders him from signing) and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this ____ day of _______, 19 __." Acts 1952, No. 66, § 1, as amended Acts 1964, No. 123, § 1.
A reading of the statute and the attestation clause in the will in question illustrates that the error of form complained of is that the attestation clause does not contain an explicit recitation that the testatrix declared to the notary and the witnesses that the instrument was her last will and testament. The attestation clause does recite that it was signed by the testatrix in the presence of the notary and witnesses. This presents for determination the question of whether or not the requirement contained in R.S. 9:2442 relative to declaration by the testator to the notary and the witnesses that the foregoing document is the last will and testament of the testator is in fact sacramental to the confection of a valid will of this type.
In Succession of Saarela, La.App., 151 So.2d 144 (writs denied 244 La. 466, 152 So.2d 562), the Fourth Circuit was concerned with the validity of an attestation clause in a statutory will. In that case, the Court said:
"The parties concede that the sole issue is whether the instrument contains some writing that the testator, in the presence of the notary and both witnesses, declared or evidenced that the instrument was his last will and testament and, if not, does such omission nullify it. The instrument in question reads:
 `New Orleans, Louisiana
 May 26, 1959
`I, Carl Johan Saarela, a resident of the City of New Orleans, Louisiana, residing at 7901 Michigan Street, being of sound mind, and realizing the uncertainties of life, make this my last will and testament, revoking all others.

(Then follows the bequests)
`In witness whereof, I have signed this my last will and testament in the presence of the witnesses hereinafter named and undersigned, who sign in my presence and in the presence of each other, and in the presence of the undersigned Notary, Leonard S. Ungar, who is duly commissioned, qualified and sworn for the Parish of Orleans, State of Louisiana.
 Carl Johan Saarela
"Witnesses:
"Sherry Adam
"Ernest J. Sauls
 "Leonard S. Ungar
 "Notary Public"
The Court then quoted R.S. 9:2442 and stated:
"Thus, the statute under which this will was executed (cited supra) after first reciting a formal attestation clause, then declares the rule of substantial compliance in the phrase, `or substantially similar thereto.'
In Stephens v. Adger, 227 La. 387, 79 So.2d 491, the Court held:
`[S]ubstantial compliance with formalities required in execution of wills is sufficient to sustain its validity, more especially where there is not suggestion or intimation of fraud, deception, undue influence, or mental incapacity.'

* * * * * *
With the opening paragraph of the testament declaring it to be the last will and testament, and the recital in the attestation clause, `I have signed this my last will and testament in the presence of the witnesses and notary,' is substantially similar to the form given as an example in the statute."
The attestation clause in Succession of Saarela and the attestation clause in the instant case are identical in that they *674 both omit the express declaration on the part of the testator to the notary and the witnesses that the instrument was the testator's last will and testament. We believe, as did the Fourth Circuit, that the attestation clause set out in R.S. 9:2442 is permissive, and that the attestation clause in the instant case, as did the attestation clause in Succession of Saarela, constitutes substantial compliance with the formalities required by the statute in the execution of a will under its terms. The body of the will in this case, as did the body of the will in the Succession of Saarela, contains a recitation by the testatrix that she signed the last will in the presence of the witnesses. There is not present in this case any suggestion or intimation of fraud, deception, undue influence, or mental incapacity.
For the above and foregoing reasons, the judgment of the District Court sustaining the exception of no cause of action is affirmed, appellant to pay all costs.
Judgment affirmed.
LEAR, J., recused.