215 So.2d 222 (1968)
Mrs. Cary HOWARD, Plaintiff-Appellant,
v.
John GUNTER, Opponent-Appellee.
No. 2461.
Court of Appeal of Louisiana, Third Circuit.
October 31, 1968.
*223 Downs & Gremillion, by Field V. Gremillion, Alexandria, for plaintiff-appellant.
David A. Sheffield, Alexandria, for defendant-appellee.
Before TATE, FRUGE, and HOOD, JJ.
FRUGE, Judge.
This case is an appeal from a lower court judgment annulling the purported statutory will of Gib Gunter. The will has been probated by an ex parte judgment signed November 8, 1966.
Gib Gunter died domiciled in Rapides Parish on July 2, 1965, and left a will reading as follows:
"To whom this ma concern
"This is my last and only will and testament
"I Gib Gunter do this day wil bequeth and give at my death al my real and Personal Property consisting of my undivided interest in 40 acers of Land and being in the South East Quarter of the South East Quarter of Section Sixteen in Township one North of Range one West Louisiana Meredian. Also all of my Personal Property regardles of what it ma consist of to Mrs. Cary Howard
"Sworn to and gib gunter
signed in the
presents of me witnesses
notary and the Thelma DeBate
these competant Barbara Duck
witnesses on this
the 10th day of
June 1953
L. H. Mizell
Notary Public"
Thereafter the will was probated in an ex parte proceeding, ordered executed, and pursuant thereto, the universal legatee, Mrs. Cary Howard, was recognized and placed in possession of decedent's undivided interest in certain real property.
On September 18, 1967, one John Gunter, alleging himself to have been a brother of decedent and one of his surviving heirs, petitioned the lower court to render judgment, decreeing the purported testament of Gib Gunter invalid, void, and null, and of no legal effect, and nullifying said judgment of possession entered in proceedings in favor of Mrs. Cary Howard.
The nullity asserted was the failure of the will to conform to any of the forms for valid wills and testaments under the law of the State, and particularly for a statutory will under the provisions of La.R.S. 9:2442 and 9:2443.
In finding for the opponent, the lower court ruled that there was in reality no attestation clause within the apparent contemplation of the statute; and what plaintiff alleged was an attestation clause was not a substantial compliance with the form set forth in the statute.
The trial of the matter was on the face of the will and the argument of counsel. The lower court rendered judgment for the opponent, from which plaintiff prosecutes this appeal.
Plaintiff complains that the lower court failed to recognize that there was a proper attestation clause in the will, and that it substantially complied with the definition given by the jurisprudence. He requested that the lower court be overruled, and that the original probate be reinstated as valid.
The La.R.S. 9:2442 reads as follows:
"In addition to the methods provided in the Louisiana Civil Code, a will shall be valid if in writing (whether typewritten, printed, mimeographed, or written in any other manner), and signed by the testator in the presence of a notary public and two witnesses in the following manner:
(1) In the presence of the notary and both witnesses the testator shall signify to *224 them that the instrument is his will and shall sign his name on each separate sheet of the instrument. If, however, the testator declares that he is not able to sign his name because of some physical infirmity, express mention of his declaration and of the cause that hinders him from signing his name must be made in the act, and he shall then affix his mark on each separate sheet of the instrument.
(2) The notary and both witnesses must sign their names at the end of the will in the presence of the testator and in the presence of each other.
(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form or a form substantially similar thereto: `Signed on each page (or if not signed by the testator, the statement of his declaration that he is not able to sign his name and of the physical cause that hinders him from signing) and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this ______ day of _____________, 19___.' Acts 1952, No. 66, § 1, as amended Acts 1964, No. 123, § 1."
The statute requires that at the end of the dispositive provisions of a will, there be some clause which indicates that the testator presented or declared to the notary and the witnesses that this was his last will and testament, and further that he declares in this clause that the notary, the testator, and the witnesses, all signed in the presence of each other.
The purpose of the statute's prescribing formalities for the execution of wills is to guard against a mistake, imposition, undue influence, fraud, or deception, and to afford a means of determining their authenticity and to prevent substitution of some other writing in place thereof. Soileau v. Ortego, 189 La. 713, 180 So. 496 (1938), Succession of Michie, 183 So.2d 436 (La.App.2d Cir., 1966), writs refused 249 La. 118, 185 So.2d 529 (1966).
The formal requirements for confection of a will under the terms of the Statute, are mandatory and essential to its validity. "Only the form of the attestation clause is permissible and subject to any variation. In this regard the statute provides that the declaration may be in a form prescribed therein or in `a form substantially similar thereto'." Succession of Michie, supra, 183 So.2d at page 439.
Counsel for both parties cited numerous cases dealing with the presence or absence of the attestation clause. These cases we shall briefly review.
In Succession of Pope, 230 La. 1049, 89 So.2d 894 (1956), it was complained that the notary, the witnesses, and the testator had not signed in the presence of each other. Although the will recited that such had been done, the court found evidence otherwise. Therefore, this case is really inapplicable because there it was proved that the formalities were not followed.
In Succession of Eck, 233 La. 764, 98 So. 2d 181 (1957), there were actually two attestation clauses. The first, after which the testator alone had signed, and the second after which the notary and witnesses, but not the testator, had signed. It was also complained of that the testator had not "declared" in the presence of the notary and the witnesses that it was her last will. The court held that regardless of the fact that there were two clauses, the statute had been substantially complied with. This case is distinguishable in that there was an attestation clause in the will, and the only real question was the position of the signatures.
In Succession of Saarela, 151 So.2d 144 (La.App. 4th Cir., 1963), writs denied 244 La. 466, 152 So.2d 562 (1963), the attestation clause recited:
"In witness whereof, I have signed this my last will and testament in the presence *225 of the witnesses hereinafter named and undersigned, who sign in my presence and in the presence of each other, and in the presence of the undersigned Notary * * *."
There was no positive certification that the notary then and there, and in the presence of all parties affixed his signature, however, on the point at issue, the court found that the statute was complied with inasmuch as the testator, in the opening paragraph of the will, declared the instrument to be his last will and testament and the attestation clause recited, "I have signed this, my last will and testament in the presence of witnesses * * *." Therefore, there was substantial compliance with the statute. In our case there was nothing near so formal.
In Succession of Michie, 183 So.2d 436 (La.App.2d Cir., 1966), 249 La. 118, 185 So. 2d 529 (1966), there was an obvious absence of what could be called an attestation clause. Therefore, the court correctly ruled that the will was not valid.
In the Succession of Pickett, 189 So.2d 670 (La.App. 1st Cir., 1966), the question was whether the attestation clause contained an explicit recitation that the testatrix declared to the notary and the witnesses that the instrument was her last will and testament. There, the attestation clause read:
"Signed and declared by Emily Moore Pickett, testatrix above named, in our presence, and in the presence of each other, we have hereunto subscribed our names as witnesses on this 28th day of July, 1964, in the Parish of East Baton Rouge, State of Louisiana, within and for which the undersigned Notary Public is duly commissioned, qualified, and sworn."
The court concluded that the attestation clause was identical to that involved and upheld in the Succession of Saarela, supra, and said:
"We believe * * * that the attestation clause set out in R.S. 9:2442 is permissive, and that the attestation clause in the instant case * * * constitutes substantial compliance with the formalities required by the statute in the execution of a will under its terms. The body of the will in this case * * * contains a recitation by the testatrix that she signed the last will in the presence of the witnesses. There is not present in this case any suggestion or intimation of fraud, deception, undue influence, or mental incapacity." Page 674.
In our case, it possibly could be said that the beginning words of the body of the will evidenced the fact of at least the declaration that it was his last will, but as to the second necessitythat of requiring the signatures of the notary, the testator, and the witnesses in the presence of each otherthe will of Gib Gunter is totally lacking.
In summary, we see that the cases uniformly hold that for a statutory will to be valid, the requirements must be complied with. The requirement of an attestation clause is mandatory, although there is some latitude of permissiveness in the language to be employed in the latter. There need be only a substantial compliance with the form set forth in the statute.
In finding that the will in this case falls short of fulfilling the requirements of R.S. 9:2442, we will adopt the language of the lower court.
"In the present case, there is in reality no attestation clause within the apparent contemplation of the statute that such clause embrace a certification on behalf of all parties, the testator, witnesses, and notary. Instead, there is only the certification of the notary `Sworn to and signed in the presence of me, Notary, and the [sic] these competent witnesses on this the 10th day of June, 1953. L. H. Mizell, Notary Public'. Accordingly, the attestation is not substantially similar to the form set forth in the statute."
Therefore, although there is some permissiveness in the language to be used, we find that this will did not contain what could be called an attestation clause even substantially *226 similar to that required under the Statute. For these reasons, the decision of the lower court annulling the purported statutory will, its probation and the judgment of possession is hereby affirmed. Costs to be paid by plaintiff-appellant.
Affirmed.