REDMANN, Judge.
Appellant seeks a declaration that a will in statutory form is invalid because the testator’s signature is not physically situated above, but instead' at approximately the same level and to the right of, one witness’ signature. From this fact appellant argues the requirements of LSA-R.S. 9:-2442 are not met since the document does not indicate on its face that testator signed first.
LSA-R.S. 9:2442 does not expressly say the testator must sign first. It reads, in pertinent part,
“ * * * a will shall be valid if in writing * * *, and signed by the testator in the presence of a notary public and two witnesses in the following manner:
“(1) In the presence of the notary and both witnesses the testator * * * shall sign his name on each separate sheet * * *.
“(2) The notary and both witnesses must sign their names at the end of the *2 will in the presence of the testator and in the presence of each other.
“(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form * * * : ‘Signed * * * and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names * * *.’ ” (Emphasis supplied.)
If the statute does impliedly require the testator to sign first, its only provision relative to the location of the testator’s signature after the attestation clause is that the clause shall be above the signatures. The statute does not require that the testator’s signature after the attestation clause must be above the other signatures.
The statute makes a will valid in form where the requirements it sets forth prior to subdivision (3) are met and are evidenced by the suggested form of attestation clause, which was used here. We cannot impose any additional formal requirement.
In Succession of Eck, 233 La. 764, 98 So. 2d 181 (1957), it is said obiter that a will is valid where, among other things, the location of the testator’s signature indicates he signed first. But the question whether a will is valid where the testator’s signature is not above the others was not even involved, much less decided, in that case.
Since LSA-R.S. 9:2442 declares a will meeting its requirements valid, and does not require that the testator’s signature after the attestation clause be located above the other signatures, we conclude the District Court properly rejected appellant’s attack on the formal validity of the will here on that ground, and the judgment appealed from is therefore affirmed at appellant’s cost.
Affirmed.