TATE, Judge.
After the succession of the decedent, Éouis Reeves, was opened and his will probated, his nephew, Ezra Ryland filed proceedings to declare the testament invalid for formal defect, and to annul its probate. The trial court granted summary judgment, declaring the testament null and void and rescinding its probate. An appeal is taken by the defendants, the executor and legatees under the will.
The testament in question is a “statutory will”, as authorized by LSA-R.S. 9:2442. (The full text of this statute is set forth as an appendix.) The principal contention of invalidity is that the attestation by the witnesses was deficient.
*503 In essence, LSA-R.S. 9:2442 provides for a will in writing to be valid if signed by the testator in the presence of a notary public and two witnesses, providing that (a) the testator, in their presence, “shall signify to them that the instrument is his will and shall sign his name on each separate sheet”, LSA-R.S. 9:2442(1), and (b) ' that the notary and both witnesses sign their names at the end of the will in the presence of the testator and each other, LSA-R.S. 9:2442(2).
The statute then concludes, LSA-R.S. 9:2442(3): “The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will * * The interpretation of this provision constitutes the principal legal question of this litigation.
The plaintiff Ryland, attacking the validity of the present attestion declaration, contends that the statutory provision requires that both witnesses and testator must certify in writing that the will was executed in compliance with the statutory formalities.
On the other hand, the appellant, executor and legatees contend that there is no mandatory requirement that each affiant (each witness and the testator) and also the notary do each specifically certify that the testator declared the instrument to be his will and that he signed it in their presence. The appellants must construe the attestation as provision requiring only that the facts of the execution of the will in accordance with the statutory formalities be “evidenced in writing above the signatures” of the notary, testator and witnesses; without any requirement that each of these subscribers also individually certify to these facts.
We have concluded that the latter is the correct construction of the statutory requirement, although we recognize the forcefulness of the reasons for the contrary construction adopted by the trial court. After setting forth the present facts, we will explain our reasons more fully.
After its dispositive clauses, the present testatment concluded with the following attestation:
“I, Louis Reeves, did declare unto the undersigned Notary Public and two competent witnesses, that the foregoing is my last Will and Testament and I have subscribed my name hereto in the presence of said Notary Public and two witnesses, and said Notary Public and two witnesses have in my presence and in the presence of each other, subscribed their names hereto, all at the same time, on this 23 day of December, 1960.
“WITNESSES Ernest Van Gossen [Signed) Louie Reeves fSigned]
_Loreta Brown fSigned]_ C. O. Brown \Signed)
NOTARY PUBLIC”
That is, the present attestation is a declaration by the decedent Louis Reeves alone. The declaration does include a full statement that the essential statutory requirements had been complied with: (a) that the testator had signified in the presence of notary and both witnesses that the instrument was his will; (b) that the testator had signed the instrument; and (c) that the notary and both witnesses had signed their name in the presence of one another and of the testator. The attestation of these facts at the end of the will is then followed by the signature of the testator, of the two witnesses, and of the notary.
In short, the attestation declaration of this will does, indeed, evidence all of the *504 facts necessary for the validity of the statutory will. However, technically construed, the language indicates that the testator alone did declare the requisite facts, and not the notary and two witnesses also; although, following the testator’s declaration, both witnesses and the notary did sign their names.
The purpose of the attestation “clause” is to certify the facts and circumstances attending the execution of the will. Succession of Eck, 233 La. 764, 98 So.2d 181. A purported testament is void if without any attestation as required by the statute. Succession of Michie, La.App. 2d Cir., 183 So.2d 436. However, attestation provisions are sufficient which, in conjunction with the testament itself, reasonably indicate that the testament was executed in accordance with the statutory formalities. Succession of Nourse, 234 La. 691, 101 So.2d 204; Succession of Pickett, La.App. 1st Cir., 189 So.2d 670; Succession of Barrieu, La.App. 4th Cir., 148 So.2d 836, 98 A.L.R.2d 820.
In our opinion, the attestation of this will adequately evidences in writing that the statutory formalities have been complied with. The attestation by the testator alone includes a cerification that the statutory formalities of execution were complied with. This attestation is above the signatures of the testator, the notary public, and the witnesses. This is all that the statute requires of the attestation. It does not provide that notary and witnesses themselves must certify that the will was executed in accordance with the statutory formalities.
The statutory requirement that the attestation be above the signatures of the notary public and witnesses might, indeed, be indicative that the attestion declaration should be made by them. However, the principal reason for this requirement is rather to prevent fraudulent additions to a will before or after it is executed. Succession of Nourse, 234 La. 691, 101 So.2d 204. Likewise, although a suggested form for the attestation provides for the notary and witnesses to sign it,[1] nevertheless, the provision for such a declaration or one “substantially similar” to it is not a mandatory statutory requirement that the attestation must be certified by the notary public and the two witnesses who subscribe the testament signed by the testator in their presence.
The attestation requirement provides that the facts of the execution of the instrument shall be “evidenced in writing” above the signatures of the notary and the two witnesses, but it does not expressly provide that such attestation shall be made by them. The principal reason for requirement of a joint attestation by all subscribers might be to make the will self-proving ; but there is no statutory provision permitting probate of such a will as self-proving.[2] In fact, LSA-R.S. 9:2444 expressly provides that for probate of a statutory will there be sworn testimony that the decedent “signed” the instrument by two of the other subscribers if available, or, if they are not, by sworn testimony of the gen-uiness of the decedent’s signature. Thus, in the probate of the statutory will, the important reason for the presence of the notary and the two witnesses is indicated to be their proof that the testator signed the instrument declared to be his testament. LSA-R.S. 9:2444.
We conclude, therefore, that the principal function of the witnesses is to provide a source of proof that the testator signed what he formally indicated to be his testament. See Comment, The New Louisiana Wills Act, 28 Tulane Law Review 288 *505 (1954). We do not read in the attestation provision a requirement that the other subscribers serve as more than formal witnesses to the testator’s execution of the instrument declared to be his testament in accordance with LSA-R.S. 9:2442(1) and (2).
Other decisions of the Louisiana courts reenforce our conclusion that the usefulness of the modern Louisiana statutory will should not be vitiated by any sacrosanct requirement of form as to the attestation declaration. The purpose of this declaration, after all, is merely to “evidence” (LSA-R.S. 9:2442(3)) fulfillment of the essential statutory requirements of form prescribed by the preceding sections of the enactment (i. e., LSA-R.S. 9:2442(1) and (2)).
For instance, statutory wills were not invalidated: where the testator signed at the end of the dispositive conditions but above an attestation declaration signed by the notary and witnesses, Succession of Eck, 233 La. 764, 98 So.2d 181; where a testator signed only the attestation “clause” but not also following the dispositive clauses of the will proper, Succession of Nourse, 234 La.. 691, 101 So.2d 204; where the attestation declaration failed to state that the testator had declared the instrument to be his testament, Succession of Pickett, La.App. 1st Cir., 189 So.2d 670, and Succession of Saarela, La.App. 4th Cir., 151 So.2d 144; where the attestation declaration failed to note that it was made in the presence of all three other subscribers at the same time, Succession of Barrieu, La.App. 4th Cir., 148 So.2d 836 (the attestation there was that the affiant “declared to * * * the said witnesses and Notary Public”). See also Succession of Babin, La.App. 1st Cir., 215 So.2d 649, where the attestation was held valid although it did not specifically state that the muiti-page testament had been signed on each page as required by the statute.
We note, incidentally, that an attestation declaration was upheld in Succession of Saarela, La.App. 4th Cir., 151 So.2d 144, certiorari denied, 244 La. 466, 152 So.2d 562, which, similarly to the present one, was made by the testator alone. It is fair to add, however, that the validity of the attestation declaration was attacked on other grounds.
We recognize the forcefulness of the reasoning which led our trial brother to disagree with our construction of the statutory requirement of attestation. We further note that his scholarly opinion in part relied upon misleading dicta (quoted from the trial court opinion) in our recent decision in Howard v. Gunter, La.App. 3d Cir., 215 So.2d 222. There, however, the point here in controversy was not at issue.[3]
A secondary contention of invalidity is the appellee-opponent’s suggestion that the signature of the testator must be above the other subscribers, instead of alongside some of them, as in the present instance. This extremely technical contention was recently rejected in Succession of Suarez, La.App. 4th Cir., 219 So.2d 1. The court pointed out that the statutory requirement relative to placement of signatures is soley that all of the signatures be at the end of the will. For the reasons there stated, we do not find the present placement of signatures a defect in required formalities.
We therefore reverse the summary judgment invalidating the testament and its probate, and we remand for further proceedings consistent with the views here expressed. The plaintiff-appellee is to pay *506 the costs of this appeal; all other costs to await final disposition of this case.
Reversed and remanded.
APPENDIX
The form of the statutory will is provided by LSA-R.S. 9:2442 (Act 66 of 1952, as amended by Act 123 of 1964) as, follows:
In addition to the methods provided in the Louisiana Civil Code, a will shall be valid if in writing (whether typewritten, printed, mimeographed, or written in any other manner), and signed by the testator in the presence of a notary public and two witnesses in the following manner:
(1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name on each separate sheet of the instrument. If, however, the testator declares that he is not able to sign his name because of some physical infirmity, express mention of his declaration and of the cause that hinders him from signing his name must be made in the act, and he shall then affix his mark on each separate sheet of the instrument.
(2) The notary and both witnesses must sign their names at the end of the will in the presence of the testator and in the presence of each other.
(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form or a form substantially similar thereto: “Signed on each page (or if not signed by the testator, the statement of his declaration that he is not able to sign his name and of the physical cause that hinders him from signing) and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this-day of 19 — .”
On Application for Rehearing.
En Banc. Rehearing denied.
FRUGÉ and CULPEPPER, JJ., vote for rehearing.

. See LSA-R.S. 9:2442(3): “Signed on each page * * * and declared by testator above named, in our presence to be bis last will and testament, and in the presence of the testator and each other we have hereunto signed our names * * *.”

. Legislation to this effect was introduced in the 1968 session, hut it failed of passage.

. Further, this court itself commented at another place in the opinion, 215 So.2d 224: “The statute requires that at the end of the dispositive provisions of a will there be some clause which indicates that the testator presented or declared to the notary and the witnesses that this was his last will and testament, and further that he declares in this clause that the notary, the testator, and the witnesses, all signed in the presence of each other.” (Emphasis supplied.) We do not believe this statement to be inconsistent with our present holding.