WILLIAMS, Judge.
This is an action for a declaratory judgment as to the validity of the purported statutory will of Mrs. Inez Smithson Gordon, who died in Shreveport, Louisiana on July 7, 1968. Eula Gibson McCullough, the plaintiff herein, was appointed Admin-istratrix of the Succession. Lillian Gibson Rogers, William E. Burham, Jr., L. H. Kerr, Jr., Adaline Kerr Reed and Smith Peter Kerr, II, all alleged to be the nearest *55 collateral heirs of the deceased, join with her in this action questioning whether the will is valid and is entitled to probate, Named defendant herein is Mrs. Cecil M. Bridges, a purported devisee under the will, which reads as follows:
KNOW ALL MEN BY THESE PRESENTS : “STATE OF LOUISIANA\ PARISH OF CADDO J
“That before me, the undersigned authority and in the presence of the undersigned competent witnesses came and appeared Mrs. Inez Gordon, who did state and declare that she makes this her last will and testament, revoking all others which might have been written by her before this time, and that after her death, she wills and bequeaths the following disposition of her estate:
“FIRST, she desires that all of her just and legal debts be paid.
“SECOND, she leaves, wills and bequeaths unto her friend, MRS. CECIL M. BRIDGES of Leesville, Vernon Parish, Louisiana, the following membership certificates of the First Federal Savings and Loan Association, Shreveport, Louisiana:
Number Date Amount
771 July 5, 1945 $1,000.00
1291 June 27, 1947 1,000.00
1444 Sept. 5, 1947 3,000.00
2711 Sept. 28, 1950 5,000.00
in the total amount of $10,000.00.
“All of this have been written on the instructions of the testator, and after it was written, the testator, the two witnesses and the Notary Public gathered together in the office of Charles L. Barnett and the will was read aloud by the Notary Public in the presence of the testator and the witnesses, after which the testator stated that it was her last will and testament prepared
/s/ Mrs. Inez Gordon
in accordance with her instructions and as she desired, after which the testator signed the will, each of the two witnesses attesting his signature and the Notary Public signed the will and affixed his. seal, each one witnessing the signatures of each of the others and all without turning aside to other things at Shreveport, Caddo Parish, Louisiana on October -, 1966.
“WITNESSES:
/s/ Elizabeth L. Sessions
/s/ Tom P. Williams
/s/ Mrs. Inez Gordon MRS. INEZ GORDON
/s/ Charles L. Barnett_
CHARLES L. BARNETT Notary Public”
*56 The question presented is whether the will is invalid because it is dated “October _, 1966.” The District Court held that the will was valid and plaintiffs have appealed.
The will herein purportedly complies with the requirements of a statutory will as provided for by LSA-R.S. 9:2442 which reads as follows:
“In addition to the methods provided in the Louisiana Civil Code, a will shall be valid if in writing (whether typewritten, printed, mimeographed, or written in any other manner), and signed by the testator in the presence of a notary public and two witnesses in the following manner:
(1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name on each separate sheet of the instrument. If, however, the testator declares that he is not able to sign his name because of some physical infirmity, express mention of his declaration and of the cause that hinders him from signing his name must be made in the act, and he shall then affix his mark on each separate sheet of the instrument.
“(2) The notary and both witnesses must sign their names at the end of the will in the presence of the testator and in the presence of each other.
“(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form or a form substantially similar thereto: ‘Signed on each page (or if not signed by the testator, the statement of his declaration that he is not able to sign his name and of the physical cause that hinders him from signing) and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this_day of_, 19-.' Acts 1952, No. 66, § 1, as amended Acts 1964, No. 123, § 1.”
In support of the validity of the will, defendant urges that the only will specifically required by law to be dated is the olographic will under LSA-C.C. art. 1588.
In Howard v. Gunter, 215 So.2d 222 (La. App.3d Cir. 1968), the court was faced with a purported will where the attestation clause did not embrace a certification by the testator, witnesses and notary. The clause stated merely that the will was “Sworn to and signed in the presents (sic) of me notary and the these competant (sic) witnesses.” The court concluded that the form was not substantially similar to that set forth in the statute and declared the will a nullity. The court made the following observation:
“The formal requirements for confection of a will under the terms of the Statute, are mandatory and essential to its validity. ‘Only the form of the attestation clause is permissible and subject to any variation. In this regard the statute provides that the declaration may be in a form prescribed therein or in “a form substantially similar thereto”.’ Succession of Michie, supra, 183 So.2d 436 at page 439.
* * * * ‡ *
“In summary, we see that the cases uniformly hold that for a statutory will to be valid, the requirements must be complied with. The requirement of an attestation clause is mandatory, although there is some latitude of permissiveness in the language to be employed in the latter. There need be only a substantial compliance with the form set forth in the statute.” [215 So.2d 222, 224, 225]
In Succession of Reeves, 224 So.2d 502 (La.App.3d Cir. 1969) the Court of Appeal was again faced with the question of the validity of a statutory will. In that case Judge Tate concluded that the attestation *57 clause satisfied the statutory requirements, although the notary and witnesses did not attest as to requisite facts. The court further concluded on the basis of Succession of Suarez, 219 So.2d 1 (La.App.4th Cir. 1969) that the placement of the signatures did not invalidate the will.
The court observed that the usefulness of the statutory will is not to he vitiated by sacrosanct rules of form, but the court recognized the importance of the formalities in the attestation clause:
“The purpose of the attestation ‘clause’ is to certify the facts and circumstances attending the execution of the will. Succession of Eck, 233 La. 764, 98 So.2d 181. A purported testament is void if without any attestation as required by the statute. Succession of Michie, La.App., 2d Cir., 183 So.2d 436. However, attestation provisions are sufficient which, in conjunction with the testament itself, reasonably indicate that the testament was executed in accordance with the statutory formalities. Succession of Nourse, 234 La. 691, 101 So.2d 204; Succession of Pickett, La.App., 1st Cir. 189 So.2d 670; Succession of Barrieu, La.App., 4th Cir., 148 So.2d 836, 98 A.L.R.2d 820.” [224 So.2d 502, 504]
In applying the reasoning of the above cases to the instant one, we find that the omission of the date from the attestation clause is not in substantial compliance with the statute. The purpose of the attestation clause to certify the facts and circumstances attending the execution of the will is not here fulfilled. This court, speaking through Judge Ayres, discussed the purpose of the formalities for the execution of wills:
“The purpose of the statutes prescribing formalities for the execution of wills is to guard against mistake, imposition, undue influence, fraud, or deception, and to afford a means of determining their authenticity and to prevent the substitution of some other writing in place thereof. And, however harsh the application of the rule may appear in a given instance, such fact does not justify any deviation therefrom since any material relaxation of the statutory rule will open up a fruitful field for fraud, substitution, and imposition. Soileau v. Ortego, 189 La. 713, 180 So. 496 (1938).” [Succession of Michie, 183 So.2d 436 (La.App.2d 1966) at 440, 441]
Defendant has cited numerous common law sources as authority for the proposition that a statutory will need not be dated. These sources are not controlling here. It has been previously observed that, despite common law, a statutory will which lacked a date would probably be declared invalid in Louisiana. See Comment, The New Louisiana Wills Act, 28 Tulane Law Review 288 (1954).
The cases cited by defendant on substantial compliance with the terms of LSA-R.S. 9:2442 are also not persuasive. The cases recognizing the validity of statutory wills where the courts have held there is substantial compliance with the law are factually distinguishable from the instant case. Our research fails to disclose a case in which the Louisiana courts have passed on the question of the omission of a date on a will authorized by LSA-R.S. 9:2442.
Defendant has cited French authorities in support of his argument that only an olo-graphic will need be dated. In Civil Law Translations, Sec. 671, p. 168, Aubry and Rau note that it is not generally necessary that a testator date a mystic will. Planiol makes the same observation with regard to the mystic will. Planiol Civil Law Treatise Vol. 3, Part 2, sec. 2715. We do not think these authorities are persuasive in dealing with a statutory will.
Furthermore, we do not believe that it is the law of Louisiana that only an olographic will must be dated. It is a fundamental principle of Louisiana law *58 that, for a testament to be valid, the testator must have the capacity of making a will. A donation mortis causa or inter vivos must he made when the donor is of sound mind. LSA-C.C. art. 1475. A minor’s power to dispose of property is restricted. LSA-C.C. arts. 1476, 1477.
The capacity to make a will must exist at the moment of its making. Equally important is the necessity to determine with exactitude, from the instrument, the date of its execution. In all such cases as this the court must determine that the instrument is the “Last will and Testament” of the deceased. Uncertainty of date such as here would present problems where there might be two or more wills purporting to be the decedent’s “Last will and Testament”. Some of these problems and hazards were mentioned in the Succession of Michie, supra. The legislature in its wisdom allowed some permissiveness or latitude in the form of the attestation but the elimination of a date certain from the will was not contemplated or permitted. LSA-R.S. 9:2442(3) states:
“ * * * and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this -- day of-, 19 — .” (Emphasis supplied.)
Therefore, the requirement that a statutory will shall be dated is mandatory and in our opinion essential to the validity of the will.
For the reasons above assigned, the decision of the trial court is reversed, set aside and judgment rendered declaring the will of Inez Smithson Gordon to be invalid and inadmissible to probate.
Reversed and judgment rendered. Costs of this appeal are assessed to appellee.
Rehearing denied.
DIXON, J., dissents from refusal.