329 So.2d 493 (1976)
Succession of Benwall J. HARRIS.
No. 7368.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1976.
Rehearing Denied April 13, 1976.
Writ Refused June 2, 1976.
*494 Robert P. Charbonnet, Wayne E. Garrett (Charbonnet & Charbonnet), New Orleans, for plaintiff-appellant.
James J. Grevemberg, Felix W. Gaudin, New Orleans, for defendant-appellee.
Before REDMANN, MORIAL and BEER, JJ.
REDMANN, Judge.
"[T]hose who know not how or are not able to read, cannot make dispositions in the form of the will provided for in R.S. 9:2442...." La.R.S. 9:2443.
We decide that a testator's disability to read, with his ordinary eyeglasses, type sized smaller than 10 mm does not invalidate his will typed in type sized about 2 mm. The testator who can only read his will with his eyeglasses is "able to read" within the statute, and the testator who can only read his will with a five-power or stronger magnifying lens is also "able to read" (if he knows how, as our testator did). Appellant proved, by the testimony of the testator's optician, that the testator could not read this will with his ordinary eyeglasses. But the optician also testified there was "a good chance" that the testator could have read larger type, of 5, 6 or 10 mm size.
The statute does not require recital or proof that the will was actually read by the testator. Therefore, that the testator did not read the will does not invalidate it; Estate of Moreau v. Moreau, La.App. 3rd Cir., 1972, 261 So.2d 293, writ refused 262 La. 193, 262 So.2d 789. It is thus immaterial that our will's witnesses testified that the testator did not use any magnifying device in order to read the will at the time of its signing.
Affirmed.