REDMANN, Judge.
Some of decedent’s legal heirs appeal from a judgment upholding her one-page statutory will against their attack. They argue the will is invalid because her signature appears after the attestation when the statute requires it “at the end of the will”; because she could not read without a magnifying lens and did not have such a lens with her at its execution; and because she lacked testamentary capacity. We affirm.
The requirement of the testatrix’s signature “at the end of the will,” La.R.S. 9:2442 (as amended, Acts 1974 No. 246), must be held to be met by her signature after the brief attestation of witnesses and notary following the dispositive clauses, just as (as held by Succession of Bel, La.App. 4 Cir. 1979, 377 So.2d 1380, writ refused 381 So.2d 1211) the statute’s requirement that “the statutory will ... shall be dated” is met by the date in the conclusion of the attestation (a date also statutorily required). The opponents quote from Bel, id. at 1382, that “a valid statutory will must be signed above the attestation clause by the testator . ..,” but this language is obiter dictum, not part of the court’s essential reasoning regarding the date’s location, is inconsistent with Bel’s treating the “will” as dated by a date in the attestation, and, in any event, cannot be cited as authority to hold a will invalid because the holding of Bel was that its will was valid.
It is “a basic principle of construction of wills, that the validity of a will is to *334 be maintained if possible,” Succession of Morgan, 1971, 257 La. 380, 242 So.2d 551, 553, and courts “will not require strict, technical and pedantic compliance in form .... ” It would sacrifice substance to form, and reasonableness to hypertechnicality, to reject a will on the basis that the testator or testatrix’s signature was not “at the end of the will” because a space of an inch intervened between the last dispositive clause and the signature (or because a typed, five-line attestation filled so small a space between last dispositive clause and signature). We reason that no such hyper-technical obstacle to willing one’s property was intended by the 1974 amendment of R.S. 9:2442. We believe that the only reasonable interpretation of the “end of the will” requirement is the signature should be located after all dispositive clauses. The testatrix’s signature on this will is so located, notwithstanding that it is also located after the attestation. The will is not formally invalid because of the location of testatrix’s signature.
Decedent’s need for a magnifying lens to read does not make her “not able to read,” La.R.S. 9:2443, which alone would disqualify her under the statute. Many, perhaps most, older persons need glasses for reading. But we have previously decided that a decedent’s need for glasses and failure to read the will does not invalidate a statutory will; Succession of Harris, La. App. 4 Cir. 1975, 329 So.2d 493, writ refused, 332 So.2d 862.
The testamentary capacity of the 94-year-old decedent at the moment of making the will was fairly established by the evidence which the trial judge accepted, although there was other evidence which might have supported an inference that at certain times decedent lacked capacity. The proponents presented the testimony of the witnesses to the will and of decedent’s clergyman, whom she visited on her way back from making the will. Opponents’ argument that the clergyman’s testimony was “impeached,” because in deposition he had said decedent’s visit was on her way to making the will, places an unacceptable emphasis on an insignificant variation fully explained by the clergyman himself: he had simply misunderstood at the time of the visit, and it was not until after the deposition that he learned that making the will had preceded the visit. We simply cannot say that the trial judge was clearly wrong in placing credibility in the witnesses presented by proponents. We therefore cannot reverse his factual finding based on a credibility evaluation; Canter v. Koehring Co., La. 1973, 283 So.2d 716.
Our conclusion that the will is valid makes it unnecessary to discuss the attack on decedent’s earlier transfer of one piece of property to the persons the will made her universal heirs.
Affirmed.