REDMANN, Judge.
Robert A. Morgan appeals from a judgment dismissing his opposition to and ordering the probate of a will made by his wife.
Appellant contends the will is invalid in form. We so hold, and therefore do not discuss appellant’s alternate attacks.
The will purports to be in the additional form authorized by LSA-R.S. 9:2442, providing, in pertinent part:
“* * * a will shall be valid if in writing * * * and signed by the testator in the presence of a notary public and two witnesses in the following manner:
(1) In the presence of the notary and both witnesses the testator shall signify to them that the instrument is his will and shall sign his name on each separate sheet of the instrument. * * *
(2) The Notary and both witnesses must sign their names at the end of the will in the presence of the testator and in the presence of each other.
(3) The foregoing facts shall be evidenced in writing above the signatures of the notary public and witnesses and the testator at the end of the will. Such declaration may be in the following form or a form substantially similar thereto: ‘Signed on each page * * * and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this- day -, 19_’ ” (Emphasis supplied.)
The attestation clause here reads:
“This will has been signed on each page by the Testatrix CLARICE VEAL MORGAN, after due reading of the whole, in our presence, to be her last will and testament, and in the presence of the Testatrix and each other, we the undersigned Notary Public and witnesses and the Testatrix have hereunto subscribed our names on this the 14th day of June, 1967 at New Orleans, Louisiana.”
Appellant argues this clause does not evidence that the testatrix signified to no *325 tary and witnesses that the instrument was her will.
The statute states two distinct requirements, signify and evidence, with distinct though related purposes. The purpose of requiring the testator to signify to the notary and witnesses the document is his will is to avoid the possibility of fraud upon, or mistake by, a testator who might believe himself to be signing some other kind of document. The further purpose of requiring the attestation clause to' ■ evidence this publication by the testator is to deny effectiveness to the initial fraud or error by further fraud or error in oral testimony of publication which in fact did not occur. Thus the statute denies validity to a statutory will (1) where the testator does not signify to notary and witnesses it is his will (even if the proces verbal falsely says he did); or (2) where the proces verbal does not evidence that he has so signified (even if he did).
Nevertheless the statute’s words are “signify” the instrument is testator’s will, and this must be “evidenced” in the attestation clause. Each of these words is very broad in meaning.
One may “signify” by merely nodding his head, Succession of Guidry, 160 So.2d 759 (La.App.1964), or presumably by any other action, perhaps even the signing itself, if under the circumstances the action imports the required signification.
Still the signifying must both occur and be evidenced in the attestation clause. Here the clause recites only the signing by the testatrix, and it does not recite any circumstances which might arguably allow the signing itself to be considered a signifying. “Due reading of the whole” does not signify reading in the presence of the witnesses (which in fact did not occur) because no reading is “due” under the statute. So even assuming the statute’s dual requirement of “signify * * * and * * * sign” might be met by signing in certain circumstances, and assuming that signing might signify if done after a reading (in presence of notary and witnesses) of a document which plainly purports to be the will of the testator, the clause here does not evidence such circumstances and thus does not evidence the required signifying.
In Succession of Saarela, 151 So.2d 144 (La.App.1963), cert. denied, 244 La. 466, 152 So.2d 562, the attestation clause itself purported to be a recital by the testator that “I have signed this my last will”. While we recognize that a testator able to read (LSA-R.S. 9:2443), who in fact does read, could no more be misled by our clause than by the Saarela clause, the difference is that in Saarela the clause itself purports to be a signifying by the testator and ours does not. Thus in Saarela the signifying is “evidenced”, and ours is not.
In Succession of Pickett, 189 So.2d 670 (La.App.1960), the clause read “Signed and declared by * * * testatrix” without reciting “to be her will”. The will was held valid. But there at least a declaration was recited, which is some evidencing (however incomplete) of a signifying.
Appellee argues from Saarela, Pickett and other cases what the statute itself provides, namely that the attestation clause may be “substantially similar” to the statutory sample. But the statute requires both signifying and signing, and evidencing both as the sample clause does; and we believe that some recital similar to “declared” etc., which evidences the required signifying, is essential to substantial similarity and to formal validity.
We hold the will here invalid for lack of form, and the judgment admitting it to probate must be and is reversed and judgment is rendered maintaining the opposition to probate of the purported will of June 14, 1967; each party to bear his own costs.
Reversed and rendered.