242 So.2d 551 (1970)
257 La. 380
Succession of Clarice VEAL, wife of Robert A. MORGAN.
No. 50431.
Supreme Court of Louisiana.
December 14, 1970.
Rehearing Denied January 18, 1971.
Baldwin, Haspel, Molony, Rainold & Meyer, Jerry C. Paradis, New Orleans, for petitioner-relator.
George O'Dowd, New Orleans, for respondent.
BARHAM, Justice.
After a hearing on an opposition to the probate of the will of Mrs. Clarice Veal, wife of Robert A. Morgan, the district court ordered the will probated. The Court of Appeal, Fourth Circuit, reversed, holding the will invalid for lack of form. 230 So.2d 323. We granted certiorari to review that judgment.
The testatrix here executed what is commonly termed a statutory will, deriving its appellation from the common law and from its authorization by R.S. 9:2442. That statute reads in part: "In addition to the methods provided in the Louisiana Civil Code, a will shall be valid if in writing * * * and signed by the testator in the presence of a notary public and two witnesses * * *." It requires also that the testator signify in the presence of the notary and the witnesses that the instrument is his will, that the testator's signature appear on each page of the instrument, that the notary and the witnesses affix their *552 signatures at the end of the will in the presence of each other and of the testator, and finally that compliance with these requirements be evidenced in writing above the signatures of the notary, the witnesses, and the testator at the end of the will. After stating these essentials, the statute recites that the "declaration" or attestation clause which is to evidence compliance with these requirements may be in the following form or a form substantially similar thereto:
"* * * `Signed on each page * * * and declared by testator above named, in our presence to be his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names on this _______ day of____________, 19__.'"
The instrument under consideration is one typewritten page, and the clause of declaration appears at the bottom immediately following the dispositive portion and the testatrix's signature. The testatrix's second signature as well as the signatures of the witnesses and the notary public appears under the attestation clause, which reads:
"This will has been signd on each page by the Testatrix, CLARICE VEAL MORGAN, after due reading of the whole,[1]in our presence,* to be her last will and testament, and in the presence of the Testatrix and each other, we, the undersigned Notary Public and witnesses and the Testatrix have hereunto subscribed our names on this the 14th day of June, 1967 at New Orleans, Louisiana." (Asterisk added. Emphasis here and elsewhere supplied.)
This attestation clause of the will has almost precisely followed, and has used as its pattern, the declaration suggested in the statute. Where we have supplied the asterisk in the will's attestation clause, the words of the suggested clause "and declared" have been omitted. The Court of Appeal held that the failure to use these words or some similar explicit expression was a failure to "signify" that the instrument was the testatrix's will, and that the will was invalid since the attestation clause failed to "evidence" a necessary element for a valid execution of the will.
A primary purpose of our statute authorizing this type of will is to afford another and simplified means of making a testament whereby the authenticity of the act can be readily ascertained and fraudulent alteration of it will be most difficult. Our statutory will is not founded on the civilian law but rather on the statutory wills which are found in all of the common law states and which have as their original source the English Statute of Frauds of 1677. Atkinson on Wills (2d Ed. 1953) H.B. §§ 3, 4; 2 Bowe-Parker: Page on Wills § 19.2.
All of the formal requisites for the composition of our statutory will must be observed; otherwise the instrument is null and void. There must be an attestation clause, or clause of declaration. However, its form is not sacrosanct: It may follow the form suggested in the statute or use a form substantially similar thereto. The attestation clause is designed to evince that the facts and circumstances of the confection and execution of the instrument conform to the statutory requirements. In construing the attestation clause of this type of will, this court has been most liberal in its determination of whether the clause complies in form and whether it evidences the requisites to supply validity to the instrument. See Succession of Eck, *553 233 La. 764, 98 So.2d 181; Succession of Nourse, 234 La. 691, 101 So.2d 204. In Succession of Thibodeaux, 238 La. 791, 116 So.2d 525, we reiterated a basic principle of construction of wills, that the validity of a will is to be maintained if possible. In construing an attestation clause we will not require strict, technical, and pedantic compliance in form or in language. Rather, we will examine the clause to see whether there is substantial adherence to form and whether it shows facts and circumstances which evidence compliance with the formal requirements for testamentary validity.
The particular formality said to be lacking in the authenticated confirmation clause of the will before us is the requirement that a testator signify to the witnesses and the notary that the instrument is his will. This is the common law "publication", sometimes required by statute, other times by jurisprudence, but in many common law states not required at all. Atkinson, op. cit. supra, § 68; 2 Bowe-Parker, op. cit. supra, § 19.143. Our statute, though requiring publication, does not particularize the manner or method.
The only question presented for our determination is whether a legal construction of the testament's attestation clause will bring us to the conclusion that it evidences that the testatrix signified in the presence of the subscribers that the instrument executed was her will. Although a first and perhaps lasting impression is that the difficulty presented here is caused by a typographical omission of the words "and declared", we do not concern ourselves with that almost inescapable observation. An interpretation of the clause does not require a study of semantics or a technical construction.
We have no doubt that this attestation clause not only intends to, but does in fact, reflect that the testatrix did state, declare, affirm, or in some definite manner "signify" that the instrument was her will.[2] We conclude that the language of the clause "This will has been signed * * * in our presence, to be her last will and testament * * *" is sufficient to establish that the testatrix did "signify" to all the signatories that it was her will. This clearly constitutes acknowledgment that the instrument was executed by the testatrix in the presence of the signing parties after some word or act which impelled their understanding that it was "to be" her testament.[3]
*554 Thus we find full compliance here with the requirements that the testatrix signify the instrument to be her testament and that this signification be evidenced in the attestation clause. The other contentions of nullity raised by the opponent in the trial court we find without merit after review.
The judgment of the Court of Appeal is reversed, and the judgment of the district court is reinstated and made the judgment of this court. The opponent-respondent is cast for all court costs.
NOTES
[1] See Succession of Barrieu, 244 La. 203, 151 So.2d 493, refusing application for certiorari to the Fourth Circuit. The Court of Appeal's Opinion, 148 So.2d 836, appeared to hold that a statutory will must be read aloud to comply with the formalities described. We stated: "* * LSA-R.S. 9:2442, relating to the statutory will, does not require that the will be read aloud in its entirety before it is signed. * * *" A reading of the statute makes it obvious that it contains no such requirement.
[2] There is no question that the testatrix did in fact declare by word and by act to the witnesses and the notary public before execution that the instrument was her last will and testament, for this is shown by the transcript of testimony taken on the trial of the opposition to the probate of the will.
[3] This language is clear and far more indicative of compliance with publication (giving notice to the witnesses) than the statement contained in the declaration clause which was held to be sufficient in Succession of Saarela, 151 So.2d 144 (La.App.4th Cir.), writs refused 244 La. 466, 152 So.2d 562. There the only evidence of signification was the written declaration that "* * * I have signed this my last will and testament in the presence of the witnesses * * *". The Court of Appeal in our case has said that "* * * in Saarela the clause purports to be a signifying by the testator and ours does not". The holding in Saarela and this statement by the Court of Appeal in the present case must be based upon a conclusion that the witnesses and the notary are required by statute to know the contents of the attestation clause and to certify that it is a correct statement of what transpired. However, in Succession of Reeves, 224 So.2d 502 (La.App.3rd Cir.), writs refused 254 La. 812, 227 So.2d 146, it was held: "* * * We do not read in the attestation provision a requirement that the other subscribers serve as more than formal witnesses to the testator's execution of the instrument declared to be his testament in accordance with LSA-R.S. 9:2442(1) and (2)." If the witnesses merely subscribe and do not attest, if they are not required to read, be knowledgeable of, or certify to the contents of the attestation clause, can it be said that a first-person declaration by the testator, contained in the clause or in the will itself, that the instrument is his will would communicate this information to the witnesses and the notary? Writs were refused in both Saarela and Reeves with the statement that there was no error of law in the judgment. The refusal in Saarela was by a four-to-three vote and in Reeves by unanimous vote. As we have said on other occasions, we are not bound by what appears to be law emanating from our refusals of writs. However, it is pertinent to this decision that we note these cases and the apparent conflict since the Court of Appeal's decision here turned in part on the differentiation between Saarela and the instant case and since the litigants here cite both Saarela and Reeves. The resolution of this problem must be relegated to other litigation for, as appears in this opinion, we do not agree with the Court of Appeal's reasoning in other regards and therefore we need not and do not reach the apparent conflict between Saarela and Reeves in our holding here.