REDMANN, Judge.
Opponents appeal from a judgment upholding the validity of a statutory will, La. R.S. 9:2442. An attestation following the testator’s first “signature” (an “X”) does not explain the testator’s having signed with a mark. Before that first signature, however, the typewritten will does recite, after all dispositive clauses, “Because I am partially paralyzed and physically weak, but of sound mind and having all my mental capabilities, my signature may be shaky and illegible, I therefore make my mark.”[1]
The question is whether the statute requires this declaration to follow rather than precede the testator’s (first) signature (if he signs twice). We answer no and affirm.
The statute, as amended by Acts 1976 No. 333,[2] recited that if the testator cannot sign his name because of physical infirmity he must so declare, stating the cause, to notary and witnesses; that “mention of the testator’s declaration ... and of the cause ... must be made in the act”; and that the “facts shall be evidenced by a declaration signed by notary and both witnesses .... ” The statutory sample of a declaration (substantial similarity to which the statute ordains) contains a full recital of declaration and cause.
Opponents first argue that the statute requires two recitals of the disability and its cause, one in the dispositive portion (“the body”) of the will and a second in its attestation, citing subd. (l)’s “mention ... in the act” and subd. (2)’s sample “declaration” form’s inclusion of such a recital. We disagree.
The “act” is not the dispositive portion only, but the entire document, and subd. (2) *284 is, to say the least, reasonably interpretable as providing a suggested method for making in the “declaration” (or attestation) of the “act” the express mention that subd. (1) requires “in the act.” Succession of Bel, 377 So.2d 1380 (La.App. 4 Cir. 1980), rejected an analogous argument from statutory language that the statutory will must be “dated” both in the dispositive portion and in the attestation. We see no advantage to a will’s reciting twice the explanation of the testator’s physical inability to sign, and we do not read the statute to require two explanations any more than Be! read it to require two dates. Opponents suggest that the dispositive portion could have been reduced to writing privately, at a time before the witnesses were present, and that therefore it is the attestation that should contain the recital of the declaration in their presence. That suggestion does not justify invalidating a will that contains only one explanation. One explanation of the disability is all that is reasonably necessary and is all that the statute requires.
The remaining question, then, is whether the single recital in the portion of the will preceding the attestation suffices in view of the inclusion of a recital in the statutory sample attestation. We hold that it does. The statutory command is mention “in the act” and the sample attestation is no more than a sample compliance with the statutory command.
Our will is similar to those of Succession of Porche, 288 So.2d 27 (La.1973), and Succession of Peterson, 240 So.2d 39 (La.App. 2 Cir. 1970), writ refused 257 La. 175, 241 So.2d 532, in that in each of those there was a departure from the statute’s attestation. The testator signed the will only once, preceding rather than following the attestation. The statute at that time (as amended, Acts 1964 No. 123) required the attestation “above the signatures of the notary public and witnesses and the testator at the end of the will.” (Emphasis added.)
In Porche, the supreme court noted that the two basic statutory requirements were met by the testator’s declaring the instrument his will and signing a declaration to that effect, all in the presence of notary and witnesses.
The sole contention is that the testator did not formally reiterate in the attestation clause that these formalities had been complied with .... 288 So.2d at 29.
The court found substantial compliance. In our case, the similarity is that (if, indeed, the will must be compartmentalized) the testator does make the required declaration and sign it (with a mark) in the portion of the will prior to the attestation, after which come the signatures of the notary and witnesses, but that portion following the testator’s first signature does not include a repeat declaration of the testator’s declaration. Our case is stronger than Porche, however, in that (as in Peterson) our notary’s and witnesses’ signatures are below the testator’s, and thus in literal compliance with the law, while in Porche the testator’s signature was not below the notary and witnesses’ declaration, and thus not in literal compliance with the then law.
Peterson, like our case, involved a one-page will in which, after the dispositive clauses but before the testator’s signature, a non-dispositive, narrative recital contained what was supposed to be then “evidenced in writing above the signatures” of notary and witnesses as well as testator. Peterson ruled that the non-dispositive recital was itself an attestation, 240 So.2d at 41:
An attestation clause is merely a certification or recital of the acts done in the confection of an instrument. The division of the clause is immaterial as long as the proper recitals are made, the declarations by the testator are above his signature, and the attestation made by notary and witnesses is above their signature with no intervening dispositive matter. Succession of Eck, [233 La. 764, 98 So.2d 181 (1957)].
We apply the same reasoning. The last sentence before our testator’s first signature is not a disposition but an attestation and declaration. And, just as the statutory requirement for the testator’s signature “at *285 the end of the will” is not defeated by the intervention of the statutory attestation between his dispositions and his signature, Succession of Dugas, 400 So.2d 333 (La.App. 4 Cir. 1981), writ refused 404 So.2d 1257, so also the requirement that the notary and witnesses sign after the attestation is not defeated by the testator’s signing between the attestation (or part of it) and their signatures.
Charged by several supreme court decisions such as Succession of Morgan, 257 La. 380, 242 So.2d 551 (1971), to maintain a will if possible rather than require strict compliance in form, we conclude that this will substantially complies with the statutory requirements.
Affirmed.

. LAST WILL AND TESTAMENT OF ULYSSES S. LOEB
New Orleans, Louisiana
June 12, 1980
I, Ulysses S. Loeb, being of sound mind and testamentary intent, knowing the uncertainty of human life and the certainty of death, do hereby make and constitute this my last will and testament, hereby revoking any and all prior wills made by me.
I hereby declare that I am single, having never been married, and that my parents are deceased.
I give and bequeath the real estate bearing Municipal Nos. 4113-15 Carondelet Street, New Orleans, Louisiana to Mrs. Shirley Rosenberg Watsky, daughter of Herman and Tillie Rosenberg.
I give and bequeath my entire interest in the real estate bearing Municipal Nos. 4109-11 Carondelet Street, New Orleans, Louisiana to my nephew, Melvin Herman Rosenberg.
I give and bequeath to Mrs. Violet Loeb, widow of Sigmund Loeb, the sum of $150.00 Cash.
I give and bequeath the residue of my estate to my nephew, Melvin Herman Rosenberg.
I name and appoint Herman Rosenberg, executor of my estate with full seizin and without bond. In the event he is unable to so act or desires not to so act, I name and appoint my sister, Mrs. Tillie Loeb Rosenberg, executrix of my estate with full seizin and without bond.
I name and appoint Harry Nowalsky as attorney for my estate and the executor thereof.
Because I am partially paralyzed and physically weak, but of sound mind and having all my mental capabilities, my signature may be shaky and illegible, I therefore make my mark.
This foregoing will has been prepared for me at my request and signed by me on this 12th day of June, 1980 at New Orleans, Louisiana.
HIS X MARK
ULYSSES S. LOEB
And now the said ULYSSES S. LOEB has appeared before the undersigned Notary Public and witnesses and declared to them in the presence of each other that the foregoing is his last will and testament and, as such, has signed the foregoing will in the presence of the said parties and has signed this subscription together with the said parties in the presence of each other on this 12th day of June, 1980 at New Orleans, Louisiana.
HIS X MARK ULYSSES S. LOEB
Harry Nowalsky HARRY NOWALSKY NOTARY PUBLIC
631 St. Charles Avenue New Orleans, Louisiana 70130
WITNESSES:
Marion M. Robbins
Theresa S. Heimel
Patricia E. Regan

. The statute has often been amended. The 1976 amendment controls this will and those of the Bel and Dugas cases hereafter discussed. Earlier versions controlled the Porche and Peterson cases hereafter discussed. One difference important to our discussion is that the earlier versions of the statute required the testator’s signature after the attestation, and the 1976 version does not.