422 So.2d 516 (1982)
SUCCESSION OF Donald E. DILLEY.
No. 5-171.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1982.
Philip R. Riegel, Jr. (of), Parlongue & Riegel, New Orleans, for appellants.
Harry R. Cabral, Jr., Metairie, for appellee.
Before CHEHARDY, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal from the trial court's judgment dismissing a petition to annul the probate of the decedent's statutory will and to declare the will a nullity. The facts surrounding the controversy on appeal are simple and are not disputed. The litigation involves the Succession of Donald E. Dilley. The decedent's statutory will was dated September 16, 1980, and was probated on April 1, 1981, and the widow of the decedent, Mrs. Leah Elizabeth Ziegler Dilley, *517 was appointed as testamentary executrix, under the terms of decedent's testament.
Shortly thereafter, a suit was brought by the decedent's three major children of a prior marriage, to annul the probate of the statutory will. The trial judge dismissed the petition to annul and from that judgment, appellants have perfected this appeal.
We affirm.
The sole issue presented to this court, is whether the attestation clause is in substantial compliance with the requirements of LSA-R.S. 9:2442.
The requirement, which is germane to this appeal under LSA-R.S. 9:2442, is as follows:
"B. The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
(1)....
(2) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar:
"The testator has signed this will at the end and on each other separate page, and has declared or signified in our presence that it is his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names this __ day of ____, 19__."
The attestation clause in the testament under consideration reads as follows:
"Signed on both pages and declared by Donald E. Dilley, testator above named, in our presence and in the presence of each other, to be his last will and testament, we have hereunto subscribed our names as witnesses, on the day and date first above written, in the Parish of Jefferson, State of Louisiana."
The appellants argue that the attestation clause does not indicate that the notary and witnesses signed the will in the presence of the testator and each other. They assert that, because of this failure, the will is an absolute nullity. Furthermore, they contend there is simply a failure to recite that the notary and witnesses affixed their signatures in the presence of the testator and of each other.
The only thing the notary and witnesses attest to in the subject case, is that the testator signed in their presence and that they signed the will on the date first above written in the Parish of Jefferson, State of Louisiana. They argue that "this attestation clause, therefore, would be truthful if, in fact, the notary and witnesses had signed the will later in the day in another office". We do not agree.
All of the formal requisites for the composition of a statutory will must be observed, under penalty of nullity. However, the form is not sacrosanct. In Succession of Morgan, 257 La. 380, 242 So.2d 551 at 552, the Supreme Court of Louisiana announced:
"It may follow the form suggested in the statute or use a form substantially similar thereto. The attestation clause is designed to evince that the facts and circumstances of the confection and execution of the instrument conform to the statutory requirements. In construing the attestation clause of this type of will, this court has been most liberal in its determination of whether the clause complies in form and whether it evidences the requisites to supply validity to the instrument.
In Succession of Thibodeaux, 238 La. 791, 116 So.2d 525, the Supreme Court of Louisiana reiterated a basic principle of construction of wills, "that the validity of a will is to be maintained if possible".
In Morgan, supra, 242 So.2d at 553, the Louisiana Supreme Court stated:
"In construing an attestation clause, we will not require strict, technical, and pedantic compliance in form or in language. Rather, we will examine the clause to see whether there is substantial adherence to form and whether it shows facts and circumstances which evidence compliance with the formal requirements for testamentary validity."
We have no reservation that the subject attestation clause properly fulfills the substantial compliance requirement *518 mandated under Louisiana law. We conclude that the language of the clause is sufficient to establish that the notary and witnesses signed the will in the presence of the testator and each other.
For these reasons, the decision of the trial court dismissing the appellants' petition to annul the probate of the statutory will is affirmed.
AFFIRMED.