458 So.2d 140 (1984)
SUCCESSION OF Eugene W. BROWN.
No. 83 CA 1089.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*141 Guy L. Deano, Covington, for Jessie Hood Brown.
Mark Alan Jolissaint, Slidell, for Jean Winifred B. Mackey & Eugene W. Brown, Jr.
Before COLE, CARTER and LANIER, JJ.
LANIER, Judge.
This is a suit seeking to annul a probated statutory will and rescind a donation inter vivos brought by the decedent's two surviving children of a prior marriage against his widow. The district court upheld the validity of the donation but annulled the will because its attestation clause did not comply with La.R.S. 9:2442(B)(2). The widow took this suspensive appeal from the judgment annulling the will. The surviving children did not appeal the judgment upholding the donation and it is final.

FACTS
Eugene W. Brown executed a statutory will on May 26, 1981. Brown died on November 10, 1981. He was survived by a wife, Jessie Hood Brown, and two children, Jean Winifred Brown Mackey and Eugene W. Brown, Jr. On December 8, 1981, Brown's widow filed a petition to probate the statutory will and be recognized as the testamentary executrix. The will was probated on December 16, 1981, and Mrs. Brown was appointed testamentary executrix. This suit was filed on June 1, 1982.
The attestation clause of Brown's will is as follows:
STATE OF LOUISIANA
PARISH OF ST. TAMMANY
 BEFORE ME, the undersigned authority, personally came and
appeared:
 EUGENE W. BROWN
who declared under oath before me, Notary, and the undersigned
competent witnesses that he can read and understand the English
language; that he has read the above and foregoing document
which is his Last Will and Testament and that he executes
the same in the presence of all of the undersigned, this 26th day
of May, 1981.
WITNESSES:
/s/ Audrey Wetta /s/ Eugene W. Brown 
 AUDREY WETTA EUGENE W. BROWN, Testator
/s/ Paulette Singletary 
 PAULETTE SINGLETARY
 /s/ Guy L. Deano, Jr. 
 GUY L. DEANO, JR., NOTARY PUBLIC
*142 VALIDITY OF ATTESTATION CLAUSE
The district court judge found that the attestation clause was not in substantial compliance with La.R.S. 9:2442(B)(2) because "no declaration was signed by the notary public and the witnesses ...". Mrs. Brown contends that this ruling is in error and the clause is in substantial compliance with the statute.
The policy of our law is to maintain the validity of a will, if possible. Succession of Morgan, 257 La. 380, 242 So.2d 551 (1970); Succession of Thibodeaux, 238 La. 791, 116 So.2d 525 (1959). Since this action to annul decedent's will was instituted more than three months after the will was probated, the burden of proving the invalidity of the testament rested with the surviving children. La.C.C.P. art. 2932; Succession of Jacque, 424 So.2d 1152 (La. App. 1st Cir.1982), writ denied, 429 So.2d 145 (La.1983). Therefore, we must determine whether the decedent's children proved that the will was invalid because of failure to comply with La.R.S. 9:2442.
La.R.S. 9:2442(B) provides as follows:
The statutory will shall be prepared in writing and shall be dated and executed in the following manner:

(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will and shall sign his name at the end of the will and on each other separate page of the instrument.
(2) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar: `The testator has signed this will at the end and on each other separate page, and has declared or signified in our presence that it is his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names this ______ day of __________, 19____.' [Emphasis added].
All of the formal requisites for the confection of a statutory will must be observed, under penalty of nullity. There must be an attestation clause, or clause of declaration. However, its form is not sacrosanct. Succession of Morgan, 242 So.2d at 552; Succession of Dilley, 422 So.2d 516 (La.App. 5th Cir.1982). In Succession of Morgan, 242 So.2d at 552-553, the Louisiana Supreme Court discussed the attestation clause as follows:
It may follow the form suggested in the statute or use a form substantially similar thereto. The attestation clause is designed to evince that the facts and circumstances of the confection and execution of the instrument conform to the statutory requirements. In construing the attestation clause of this type of will, this court has been most liberal in its determination of whether the clause complies in form and whether it evidences the requisites to supply validity to the instrument.... In construing an attestation clause we will not require strict, technical, and pedantic compliance in form or in language. Rather, we will examine the clause to see whether there is substantial adherence to form and whether it shows facts and circumstances which evidence compliance with the formal requirements for testamentary validity.
[Emphasis added].
La.R.S. 9:2442(B) provides that a statutory will shall be executed in a certain manner. The word "shall" is mandatory. La.R.S. 1:3. Cf. La.C.C.P. art. 5053; La.C. Cr.P. art. 5; La.C.J.P. art. 4. To properly execute a statutory will the following things must be done: (1) in the presence of a notary and two competent witnesses, the testator shall declare that the instrument is his last will; (2) in the presence of a notary and two competent witnesses, the testator shall sign his name at the end of the will and on each page thereof (in the instant case the will is only one page); and (3) in the presence of the testator and each other, the notary and the witnesses shall sign the attestation clause set forth in the statute or one substantially similar.
The purpose of an attestation clause is to show the will was executed in conformity *143 with the statute. The attestation clause set forth in the statute, La.R.S. 9:2442(B)(2), requires the notary and witnesses to declare (1) the testator signed the will at its end and on each separate page, (2) the testator declared in the presence of the notary and witnesses that it (the instrument) was his will, and (3) in the presence of the testator and each other, they (the notary and witnesses) signed their names on a specified date.
The attestation clause in the instant case is a declaration by the testator, and not a declaration by the notary and witnesses. In it, the testator declares before the notary and witnesses that (1) he can read and understand the English language, which is not required by La.R.S. 9:2442(B)(2), (2) he has read the document (also not required), (3) the document is his Last Will and Testament, and (4) he (the testator) executed the document in the presence of the notary and witnesses on May 26, 1981. This attestation clause does not recite that the notary and witnesses signed their names on May 26, 1981, in the presence of the testator and each other.
The will was not executed in the manner prescribed in La.R.S. 9:2442(B) because the attestation clause was a declaration by the testator and not by the notary and witnesses. The attestation clause itself is not in substantial compliance with La.R.S. 9:2442(B)(2) because it does not recite that the notary and witnesses signed their names on May 26, 1981, in the presence of the testator and each other. These substantive defects are fatal to the validity of the will.
The case of Succession of Dilley is distinguishable from the instant case. In Dilley, 422 So.2d at 517-518, appears the following:
The attestation clause in the testament under consideration reads as follows:
`Signed on both pages and declared by Donald E. Dilley, testator above named, in our presence and in the presence of each other, to be his last will and testament, we have hereunto subscribed our names as witnesses, on the day and date first above written, in the Parish of Jefferson, State of Louisiana.'
The appellants argue that the attestation clause does not indicate that the notary and witnesses signed the will in the presence of the testator and each other. They assert that, because of this failure, the will is an absolute nullity. Furthermore, they contend there is simply a failure to recite that the notary and witnesses affixed their signatures in the presence of the testator and of each other.
The only thing the notary and witnesses attest to in the subject case, is that the testator signed in their presence and that they signed the will on the date first above written in the Parish of Jefferson, State of Louisiana. They argue that `this attestation clause, therefore, would be truthful if, in fact, the notary and witnesses had signed the will later in the day in another office'. We do not agree.
....
We have no reservation that the subject attestation clause properly fulfills the substantial compliance requirement mandated under Louisiana law. We conclude that the language of the clause is sufficient to establish that the notary and witnesses signed the will in the presence of the testator and each other. [Bolding added].
The parties in Dilley did not question the fact that the notary and witnesses executed the attestation clause, and the Court found that the language of the clause (which is substantially different from the instant case) was sufficient to show that the notary and witnesses signed in the presence of the testator and each other.

DECREE
For the foregoing reasons, the judgment of the district court is correct and is affirmed at the appellant's costs.
AFFIRMED.
COLE, J., agrees with the result.