DUFRESNE, Judge.
This is an appeal by legatees under a statutory will from a judgment declaring the will invalid. Because we find that the attestation clause in the will is not in substantial compliance with La.R.S. 9:2442(B), we affirm.
The four page document in question is styled Last Will and Testament, and begins, “I, Woodrow Wilson Chabert, being of sound mind, declare this to be my last will and testament.” It is dated on each page and also signed by the testator and two witnesses on each page and at the end of the testament. These latter signatures and the attestation clause appear as follows:
[End of Dispositions]
/s/ Woodrow Wilson Chabert
Woodrow Wilson Chabert
/s/ Vera Vedros
Vera Vedros
/s/ Leroy J. Vedros
Leroy J. Vedros
Witness my hand and seal this 11th day of July, 1982, at New Orleans, Louisiana and attest that on this date this statutory will was read and signed on each page by the testator and the two competent witnesses named above.
/s/ Gerald Thos. LaBorde
Gerald Thos. LaBorde, Esq.
Notary Public
The question before us is whether the above attestation clause is in sufficient compliance with La.R.S. 9:2442(B)(2), to render the will valid. In Succession of Brown, 458 So.2d 140, at 142-143 (La.App. 1st Cir.1984), the court discussed this question as follows:
“La.R.S. 9:2442)B) provides that a statutory will shall be executed in a certain manner. The word “shall” is mandatory. La.R.S. 1:3. Cf. La.C.C.P. art. 5053; La. C.Cr.P. art. 5; La.C.J.P. art. 4. To properly execute a statutory will the following things must be done: (1) in the presence of a notary and two competent witnesses, the testator shall declare that the instrument in his last will; (2) in the presence of a notary and two competent witnesses, the testator shall sign his name at the end of the will and on each page thereof (in the instant case the will is only one page); and (3) in the presence of the testator and each other, the notary and the witnesses shall sign the attestation clause set forth in the statute or one substantially similar.
The purpose of an attestation clause is to show the will was executed in conformity with the statute. The attestation clause set forth in the statute La. R.S. 9:2442(B)(2), requires the notary and witnesses to declare (1) the testator signed the will at its end and on each separate page, (2) the testator declared in the presence of the notary and witnesses that it (the instrument) was his will, and (3) in the presence of the testator and each other, they (the notary and witnesses) signed their names on a specified date.
The attestation clause at issue there was a declaration by the testator, rather than the notary and two witnesses, and moreover did not recite that the notary and witnesses signed their names on the date of the will and in the presence of the testator and each other. On these facts, the court held that the will was invalid.
In the present will, the attestation clause is a declaration by the notary, but not the witnesses, that on July 11, 1982, it was “read and signed” by the testator and the witnesses. It says nothing about whether the testator, witnesses and notary signed in the presence of one another, nor does it indicate whether the testator declared the instrument to be his will to the witnesses and notary. For these reasons, this court concludes that this document is not in substantial compliance with La.R.S. 9:2442, and it is therefore not a valid will.
The court recognizes that the policy of our law is to maintain the validity of testaments when possible. Succession of Morgan, 242 So.2d 551 (La.1970). However, the document before us so far departs from the requirements of the statute, that to recognize it as a valid will would be tanta-mont to our ignoring these requirements.
*850 For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.