934 So.2d 749 (2006)
In the Matter of the SUCCESSION OF WILLIE RICHARDSON.
No. 2005 CA 0552.
Court of Appeal of Louisiana, First Circuit.
March 24, 2006.
*750 Howard P. Elliott, Jr., Baton Rouge, Counsel for Plaintiff/Appellant Mary A. Molden Richardson.
Marvin E. Owen, Baton Rouge, Counsel for Defendants/Appellees Henry Leon Richardson, Donald Ray Richardson and Patricia Ann Richardson.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
DOWNING, J.
Widow of the decedent, Willie Richardson, appeals following an adverse ruling by the trial court declaring that her husband's will was null and void because the lack of an attestation clause did not meet the requirements of LSA-C.C. art. 1577(2). Decedent's three surviving children from a prior marriage brought an action against the widow seeking to annul the probated testament. For the following reasons, we reluctantly affirm the trial court judgment.

FACTS AND PROCEDURAL HISTORY
Willie Richardson executed a document on May 15, 2003 purporting to be a notarial testament in which he left all of his possessions, community and separate, to his spouse Mary A. Molden Richardson. He died of cancer two weeks later at age seventy-two. His succession was opened, his testament was probated, and a judgment of possession was signed August 11, 2003 putting his widow in possession of all of his property.
Henry Leon Richardson, Donald Ray Richardson, and Patricia Ann Richardson are Willie Richardson's three natural children. On August 10, 2004, they moved to re-open the succession and to annul the will on the grounds that the will was not valid as to form, since it did not contain the attestation clause required by LSA-C.C. art. 1577.
The trial court found that the purported testament was not in substantial compliance with LSA-C.C. art. 1577(2) as the document had no declaration by the attorney/notary public and the witnesses attesting that the testator had signed the will in their presence or that they had signed in each other's presence. Mrs. Richardson appealed, maintaining that the will was in substantial compliance with LSA-C.C. art. 1577 and that the witnesses should have been allowed to testify as to the circumstances surrounding the execution of the will.

*751 DISCUSSION
Louisiana Civil Code article 1577 provides:
The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:
(1) In the presence of the notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.
(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this ___ day of ____, ___."
The document executed by decedent concludes as follows:
IN WITNESS WHEREOF, I have signed my last will and testament in the presence of the undersigned witnesses and before a Notary.
Baton Rouge, Louisiana this 15th day of May 2003
 ___________
 (signed)
 Willie Richardson, (Testator)
WITNESSES:
_______(signed) ________(signed)
_______(signed)

NOTARY PUBLIC
In Succession of Morgan, 257 La. 380, 242 So.2d 551, 552 (1970), the court explained that statutory wills are not founded on the civilian law but rather on common law principles which have as their original source the English Statute of Frauds of 1677. The primary purpose of our statute authorizing this type of will is to afford a simplified means of making a testament whereby the authenticity of the act can be readily ascertained and fraudulent alteration of it will be most difficult. Id. at 553. It further stated, "[i]n construing an attestation clause we will not require strict, technical, and pedantic compliance in form or in language."
However, the law regarding the lack of the witness and notary attestation clause is very clear. We concluded in the Succession of Brown, 458 So.2d 140 (La. App. 1 Cir.1984), a case on all fours with the present case, that all of the formal requisites for confection of a notarial testament must be observed, under penalty of nullity. Although its form is not sacrosanct, there must be an attestation clause, or clause of declaration signed by the witnesses and the notary. Id. at 142.
Here there is no attestation clause or declaration by the notary and witnesses, reciting that the notary and witnesses signed their names on May 15, 2003, in the presence of the testator and each other.[1] As we concluded in Succession of Brown, 458 So.2d at 143, the attestation clause itself, being non-existent, is not in substantial compliance with the article and this substantial defect is fatal to the validity of the will.
Mrs. Richardson argues that the defect in this testament could be remedied *752 by having the witnesses and the notary appear before the court and testify that they witnessed the signing, that the decedent signed without fraud or duress, and that they signed the document in the presence of each other. While this does seem to be a rational approach, there appears to be no provision for this rational approach in our law. In the Succession of English, 508 So.2d 631, 633 (La.App. 2 Cir.1987), the court concluded that an affidavit used to probate the will cannot "cure" the total lack of an attestation clause. It further stated that such an interpretation would render meaningless the mandatory requirements of the statute and do violence to the jurisprudentially recognized purpose of the attestation clause. Id.
It appears, however, that the rule defeats its own purpose when the testator's intent could be implemented or supplanted based on the testimony of apparently available witnesses. The testimony of those witnesses seems imperative to a just and proper resolution of this matter, especially when considering the statement by our Supreme Court in Succession of Morgan, 242 So.2d at 552. In Succession of Morgan, the court stated that the main purpose of authorizing a notarial will is to afford a simplified means of making a testament whereby the authenticity of the act can be readily ascertained and fraudulent alteration of it will be most difficult.
However, the law very clearly and directly precludes additional evidence on this issue. Therefore, we are forced to conclude that the trial court did not err in setting aside the judgment of possession or in ruling that the will was null and void due to it lack of an attestation clause. We further conclude that, unfair as it seems, there is no procedure that would allow the witnesses to testify as to the validity of the will. Thus, Mrs. Richardson's assignments of error are without merit.
Accordingly, we reluctantly affirm the judgment of the trial court. We strongly suggest that the legislature revisit this issue so that a testator's intent may not be thwarted by technical, but curable, omissions.

DECREE
For the above stated reasons, we affirm the judgment of the trial court. The costs of this appeal are assessed to appellant Mrs. Mary Molden Richardson.
AFFIRMED.
GAIDRY, J., concurs with reasons.
GAIDRY, J., concurring.
While I agree with the result expressed in the majority opinion, I write separately to state that I do not join in the majority opinion's expressed reluctance in reaching the result required by our positive law. Louisiana Civil Code article 1573 unequivocally provides: "The formalities prescribed for the execution of a testament must be observed or the testament is absolutely null." This provision, through its direct antecedents, has been the law of Louisiana since it joined the federal union in 1812, and before. The principle expressed does not admit of relative nullity, curable by parol evidence. If there is any area of our civil law in which the goal of certainty of result has particular significance, it is that of successions. This case does not present a situation not contemplated by our legislature or a gap in our law. The role of the judiciary is to interpret the law, the solemn expression of legislative will. I will simply state that the applicable principle has served the citizens of Louisiana well for over 200 years, and I decline to advocate any change to it based upon subjective considerations of rationality *753 and "unfairness." For these reasons, I respectfully concur.
NOTES
[1] LSA-R.S. 35:12 also requires that the notary shall insert the names of the parties in full, together with the mailing addresses, under their respective signatures.