JOHNSON, C.J.,
dissents and assigns reasons.
[J respectfully dissent from the majority’s finding that the testament is absolutely null.
This court has long held that courts must liberally construe and apply the statutes to maintain the validity of a will if at all possible, as long as it is in substantial compliance with La. C.C. art. 1577. See Succession of Morgan, 257 La. 380, 385, 242 So.2d 551, 552 (1970). More recently, this court explained that “courts need not strictly adhere to the formal requirements of the statutory will, to the extent of elevating form over function.” In re Succession of Holbrook, 13-1181 (La. 1/28/14), 144 So.3d 845, 851 (emphasis added). As we explained in Succession of Guezuraga, 512 So.2d 366, 368 (La. 1987):’
Where the departure from form has nothing whatsoever to do with fraud, ordinary common sense' dictates that such departure should not produce nullity. It was the intent of the legislature to reduce form to the minimum necessary to prevent fraud. It is submitted that in keeping with this intent, slight departures from form should be viewed in the light of their probable cause. If they indicate an increased likelihood that fraud may have been perpetrated they would be considered substantial and thus a cause to nullify the will. If not, they should be disregarded.
*409 In this case, no fraud was indicated or pled, and it was, clearly the intent of Mr. Toney that his entire estate be left to Mr. Gerding. In my view, the attestation clause in Mr. Toney’s will substantially complies with the requirements of La. C.C. art. 1577.12 For these reasons, I would reverse the rulings of the lower courts and affirm the validity of Mr. Toney’s will.