STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


17-653



SUCCESSION OF ELMOSES IVEY



**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 42,935
HONORABLE THOMAS YEAGER, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.


**AFFIRMED.**




**Terry Aubin**
**Aubin Law Firm**
**A Professional Corporation**
**3600 Jackson Street, Suite 107**
**Alexandria, LA 71303**
**(318) 561-7000**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    Lois Ivey

**J. Graves Theus**
**Christopher Kinnison**
**Theus Law Offices**
**Post Office Box 8432**
**Alexandria, LA 71301**
**(318) 541-8999**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **Mary Ivey Waters**
    **William Ivey**

**PICKETT, Judge.**

Testator's widow appeals the trial court's grant of summary judgment declaring her husband's last will and testament invalid because it does not satisfy the legal requirements for a notarial testament. For the following reasons, we affirm.

## FACTS

In 1996, Elmoses Ivey executed his last will and testament in which he bequeathed all of his property to his wife, Lois Ivey. He died in February 2016, and Lois probated the will and obtained a judgment of possession. Shortly thereafter, Mary Ivey Waters and William Ivey, Mr. Ivey's children from a prior marriage, filed suit, contesting the validity of Mr. Ivey's will. Mary and William then filed a motion for summary judgment, seeking a judgment declaring the will null.

In their motion for summary judgment, Mary and William assert that the attestation clause in Mr. Ivey's will fails to satisfy the legal requirements of a notarial testament; therefore, it is invalid. After conducting a hearing, the trial court granted the motion for summary judgment and signed a judgment that declared Mr. Ivey's will invalid, annulled the judgment of possession, and designated the summary judgment a final judgment as provided in La.Code Civ.P. art.1915(B). Lois appealed.

## DISCUSSION

In their motion for summary judgment, Mary and William identify the following formalities required by La.Civ.Code art. 1577 that they claim Mr. Ivey's will does not include which renders the will null:

(1) The notarial attestation clause fails to state that the testator signed the will at the end and on each other separate page in the presence of the notary and witnesses;

(2) The notarial attestation clause fails to state that the testator <u>declared</u> or <u>signified</u> in the presence of the notary and witnesses that the instrument was his last will and testament;

(3) The notarial attestation clause does not clearly state that the notary, witnesses[,] and testator executed the testament in the presence of each other; and

(4) The declaration in the notarial attestation clause is made by the *testator*, not the notary or the witnesses, which essentially amounts to no attestation clause at all.

Lois appeals the trial court's judgment and assigns a number of errors with the trial court's conclusion that Mr. Ivey's will is null. These assigned errors present the primary legal issue of whether the trial court properly granted summary judgment in favor of Mary and William. To prevail on a motion for summary judgment, the moving party must show that there are no genuine issues of material fact and that he "is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3); *Duncan v. U.S.A.A. Ins. Co.*, 06-363, p. 4 (La. 11/29/06), 950 So.2d 544, 547. "A fact is 'material' when its existence or nonexistence may be essential to [the] plaintiff's cause of action." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 8 (La. 7/2/12), 94 So.3d 750, 755. Summary judgment is favored by law and provides a vehicle by which the just, speedy, and inexpensive determination of an action may be achieved. La.Code Civ.P. art. 966(A)(2).

Currently, there are two forms of testaments in Louisiana: olographic and notarial. La.Civ.Code art. 1574. An olographic testament is executed by the testator in his own hand. La.Civ.Code art. 1575. The notarial testament must be executed in accordance with the formalities of La.Civ.Code arts. 1577-1580.1, which include notarization. La.Civ.Code art. 1576. The plaintiff in an action to annul a notarial testament has the burden of proof. La.Code Civ.P. art. 2932(B).

Mr. Ivey executed his will in 1996 when more testamentary options were available. His will was drafted to conform with the requirements provided in former La.R.S. 9:2442. In 1997, our legislature revised the laws governing testaments, and La.R.S. 9:2442[1] was repealed and replaced by La.Civ.Code art. 1577. Comment (a) to La.Civ.Code art. 1577 states, "This article reproduces the substance of R.S. 9:2442. It does not change the law."

Louisiana Civil Code Article 1577 requires that a notarial testament be "prepared in writing and dated" and that it "be executed in the following manner[,] [i]f the testator knows how to sign his name and to read and is physically able to do both:

_____

[1] Louisiana Civil Code Article 2442 provided, in part:

> (B) The statutory will shall be prepared in writing and shall be dated and executed in the following manner:
>
> (1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his last will and shall sign his name at the end of the will and on each other separate page of the instrument.
>
> (2) In the presence of the testator and each other, the notary and the witnesses shall then sign the following declaration, or one substantially similar: "The testator has signed this will at the end and on each other separate page, and has declared or signified in our presence that it is his last will and testament, and in the presence of the testator and each other we have hereunto subscribed our names this _____ day of _____, 19___."

(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.

(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this __ day of ____, __."

The trial court agreed with Mary and William and found Mr. Ivey's will to be "fatally flawed" in the four respects identified in their motion for summary judgment and concluded that the will is an absolute nullity.

In *Successions of Toney*, 16-1534 (La. 5/2/17), 226 So.3d 397, our supreme court affirmed the lower courts' findings that the attestation clause at issue therein rendered the will absolutely null. Addressing the parties' arguments, the supreme court conducted a thorough review of the legal requirements of a notarial testament and the jurisprudence deciding claims of nullity for failure to comply with requirements previously set forth by La.R.S. 9:2442, now set forth by the La.Civ.Code art. 1577. At the outset of its discussion, the supreme court restated these long-held tenets of law applicable to wills:

There is a presumption in favor of the validity of testaments in general, and proof of the nonobservance of formalities must be exceptionally compelling to rebut that presumption. However, the Civil Code also provides in no uncertain terms that "[t]he formalities prescribed for the execution of a testament **must** be observed or the testament is **absolutely null**." La. Civ.Code art. 1573 (emphasis added). Nevertheless, the codal article which provides the form requirements for the notarial testament does contain an allowance that the mandated attestation clause need only be "substantially similar" to the sample declaration provided in statute[.]

*Id.* at 401 (citation omitted).

Continuing, the supreme court quoted with acceptance the first circuit's designation of "the three required elements of a valid attestation clause under

La.R.S. 9:2442(B)(2), [now] La.Civ.Code art. 1577[,]" as set forth in *Succession of*

*Brown*, 458 So.2d 140, 143 (La.App. 1 Cir. 1984):

> The attestation clause set forth in the statute . . . requires *the notary and witnesses* to declare (1) the testator signed the will at its end and on each separate page, (2) the testator declared in the presence of the notary and witnesses that it (the instrument) was his will, and (3) in the presences of the testator and each other, they (the notary and witnesses) signed their names on a specified date.

*Toney*, 226 So.3d at 405.

The attestation clause in Mr. Ivey's will reads:

> ***SIGNED AND DECLARED*** by me, **ELMOSES IVEY**, Testator, above named in our presence of the Testator and each other, we have hereunto signed our names this **25th** day of **November, 1996.**

/s/ Elmoses Ivey
**ELMOSES IVEY**
**TESTATOR**

**WITNESSES:**

/s/ Linda D. Westbrook

/s/ Linda J. Bohannan

/s/ Shelby E. Bohannon
**SHELBY E. BOHANNON**
**NOTARY PUBLIC**

Comparison of Mr. Ivey's attestation clause to the requirements set forth in *Succession of Brown*, 458 So.2d 140, clearly shows that it lacks two of those requirements: (1) the declaration by the witnesses and notary that Mr. Ivey signed the will at its end and on each separate page and (2) the declaration by the witnesses and notary that Mr. Ivey declared to them that the document is his will. As a result, the will is invalid.

Mary and William also assert that the attestation clause lacks the requirement that the witnesses and notary declare in the presences of the testator and each other that they signed their names on a specified date because Mr. Ivey,

not the witnesses and notary, make the declarations contained therein. Lois contends, however, that the inclusion of "me" in the clause is a typographical error and should be read out of the attestation clause.

In *Succession of Bilyeu*, 28,701 (La.App. 2 Cir. 9/25/96), 681 So.2d 56, *writ denied*, 96-2868 (La. 1/24/97), 686 So.2d 862, the court held that an incorrect reference to the testator, who was a man, as "she" and "her" in the attestation clause was a typographical error that did not nullify the will. After noting that "the primary purpose of the attestation clause is merely to certify that, at the time of execution of the testament, the statutory formalities have been satisfied," the court reiterated that when "the formalities have been satisfied, technical deviations in the attestation clause should not defeat the dispositive portions of an otherwise valid will." *Bilyeu*, 681 So.2d at 58-59.

In *Bilyeu*, the alleged typographical errors were merely an inaccurate use of pronouns referencing the testator's sex; they did not change the meaning of the sentence(s) in which they appeared and were not needed to satisfy the required formalities of the will. That is not the case here. As written, the phrase "SIGNED AND DECLARED by me, ELMOSES IVEY, Testator" indicates that Mr. Ivey is the declarant. Without "me," the sentence indicates that the witnesses and notary are the declarants. Thus, treating "me" as a typographical error and ignoring it completely changes the meaning of the sentence which is required to satisfy one of the formalities of an attestation clause. As a result, treating "me" as a typographical error is more than a technical deviation. Accordingly, Lois's argument lacks merit.

Even if we were to assume for purposes of argument that "me" is a typographical error and delete it for purposes of our review, the clause lacks the

first two mandatory requirements of an attestation clause. Accordingly, the will is still null.

Lois urges that there is no need for rigid application of the attestation clause requirements because there is no evidence of fraud herein. The supreme court rejected this argument in *Toney*, 226 So.2d at 407, holding that the failure of an attestation clause to substantially comply with the requirements of La.Civ.Code art. 1577 renders it absolutely null, "even in the absence of fraud." The supreme court further stated, "Any language in previous jurisprudence which suggested otherwise is rejected[,]" making it clear that earlier jurisprudence which treated deviations from the testamentary form requirements leniently when fraud was not an issue no longer applies. *Toney*, 226 So.2d at 407.

The supreme court also rejected Lois's argument that the trial court erred in refusing to allow her to present the testimony of the witnesses and notary as to what occurred when Mr. Ivey executed his will, explaining:

> [A]s shown above, the testament itself failed to include the mandatory elements specified in La.Civ.Code art. 1577. While extrinsic evidence may be used to resolve ambiguity in a testament, *extrinsic evidence cannot cure a testament which is materially defective on its face*. The formalities prescribed for the execution of a testament **must** be observed or the testament is absolutely null. La.Civ.Code art. 1573. As the testament propounded in this case materially deviated from the requirements of La.Civ.Code art. 1577 as described in detail above, we find the lower courts correctly held that it is absolutely null.

*Id*. at 408 (footnote omitted) (italics emphasis added).

Mr. Ivey's will does not substantially comply with the requirements of a notarial will as set for the La.Civ.Code art. 1577 and former La.R.S. 9:2442; therefore, it is invalid and null. We need not address each of Lois's assignments of error individually because the attestation clause of Mr. Ivey's will does not satisfy *all* the legal requirements set forth in La.Civ.Code art. 1577. Lois has failed to

show that any material issue of genuine fact exists which precludes summary judgment and that Mary and William are not entitled to judgment as a matter of law. Accordingly, we affirm the grant of summary judgment.

## DISPOSITION

The trial court's judgment declaring Elmoses Ivey's last will and testament invalid and annulling the previous judgment of possession is affirmed. All costs are assessed to Lois Ivey.

**AFFIRMED.**